61 So.2d 878

STATE v. BOUDREAUX.

No. 40937.

Nov. 10, 1952.

H. Purvis Carmouche, Crowley, James Domengeaux, Lafayette, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard J. Putnam, Dist. Atty., Abbeville, J. Lyle De-Bellevue, First Asst. Dist. Atty., Crowley, for appellee.

PONDER, Justice.

The defendant was indicted by the Grand Jury of Acadia Parish for manslaughter. He was tried, convicted and sentenced to serve eight years in the penitentiary. He has appealed from the conviction and sentence.

The defendant is urging on this appeal two bills of exception taken to the ruling of the trial judge during the course of the trial.

Bill of Exception No. 1 was taken to the overruling by the trial judge of defendant's objection to the following question asked the defendant while he was on the stand by the district attorney, viz.: "Have you ever been convicted of any crime?" The defendant takes the position that the question is objectionable for the reason that the defendant was given a pardon and restitution of citizenship while he was serving the sentence in the State Penitentiary.

 A defendant who takes the stand for the purpose of testifying may be questioned concerning prior arrests and convictions. LSA–R.S. 15:495. The defendant was not prevented from showing that he had received a full pardon from the prior conviction.

Bill of Exception No. 2 was taken to the refusal of the trial judge to permit the defendant to offer and file in evidence a certified copy of a verdict and sentence rendered in the case entitled State of Texas v. Linton Rogers in the Criminal District Court of Jefferson County, State of Texas, dated April 22, 1943 evidencing a prior conviction and sentence of the deceased for the crime of murder. The evidence was tendered to show the probability or improbability of whether the accused or the defendant was the aggressor, to show the criminal intent of the deceased, and the dangerous character of the deceased.

If we assume for the purpose of this bill that an overt act on the part of the deceased had been established, his bad reputation cannot be proved by specific acts but proof must be confined to his general reputation among his neighbors. Under the provisions of LSA–R.S. 15:491 the good or bad character of a person depends on the general reputation that he has among his neighbors and not on what particular persons think of him.

The defendant contends that the evidence is admissible to better enable the jury to determine the probability or im-

probability of whether the decedent or the accused was the aggressor and to corroborate the testimony of the accused that the decedent was the aggressor. The method of proving character is provided in LSA–R.S. 15:491 and the proof is restricted to the general reputation of the person among his neighbors.

For the reasons assigned, the conviction and sentence are affirmed.