95 N.J. Super. 196 (1967)
230 A.2d 508
MICHAEL G. HOZER, APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, CONSOLIDATED POLICE AND FIREMEN'S PENSION FUND COMMISSION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1967.
Decided May 19, 1967.
*197 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Anthony D. Andora argued the cause for appellant (Messrs. Andora & Baron, attorneys).
Mr. Theodore A. Winard, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Appellant Michael G. Hozer appeals from an administrative determination by the Consolidated Police and Firemen's Pension Fund Commission, Department of Treasury (hereinafter Commission), dated June 8, 1966, which denied his application for age and service retirement pursuant to N.J.S.A. 43:16-1 et seq.
Hozer was first employed by the Cliffside Park Police Department as a patrolman and served continuously in that capacity and as sergeant of detectives and lieutenant until March 15, 1954. His service was without untoward incident *198 until March 10, 1953, when he was indicted for nonfeasance in office by the Bergen County grand jury.
That indictment basically charged that appellant, between January 1, 1945 and May 1, 1950, unlawfully and intentionally neglected and omitted to perform his public duties as a police officer with regard to two specific premises in Cliffside Park where bookmaking was then being conducted, even though he had knowledge of this activity. It further charged that he neglected his duty for the purpose of allowing the persons responsible therefor to escape apprehension and punishment.
Following a jury trial on this indictment appellant was found guilty on November 1, 1954 and subsequently given a suspended jail sentence and fined $1,000. His conviction was affirmed upon appeal. See State v. Hozer, 19 N.J. 301 (1955). After the trial court verdict appellant was dropped from the police department payroll and he has never been reinstated.
On May 29, 1962 appellant first applied to the Commission for a pension pursuant to N.J.S.A. 43:16-1 et seq. A hearing was held on this application on January 8, 1964, and on April 24, 1964 the Commission rendered a formal written "opinion" wherein it determined that appellant was not entitled to a pension because "the condition of honorable service was not satisfied."
On March 22, 1965, pursuant to appellant's application, the Governor granted him a "full and free" pardon for the aforesaid crime. Relying on this pardon, appellant on May 6, 1966 again made application for a pension. The Commission on June 8, 1966 "reaffirmed their previous decision" and rejected the application.
This appeal is solely directed to this last determination. Appellant argues that his pension rights have been restored by the granting of the pardon and that he is therefore as a matter of right entitled to his pension retroactively to the date of his pardon.
*199 Before discussing the merits of appellant's argument we first consider the general characteristics of a pension such as here involved and the prerequisites thereof. N.J.S.A. 43:16-1 provides as follows:
"In all municipalities any active member of a police department * * * who shall have served honorably in the police * * * department for a period of 25 years and reached the age of 51 years, * * * shall be retired on a service * * * pension * * *." (Emphasis added)
A pension is a bounty springing from the appreciation and graciousness of the sovereign; it is an inducement to conscientious, efficient and honorable service. Ballurio v. Castellini, 29 N.J. Super. 383, 389 (App. Div. 1954). It is axiomatic that one of the fundamental purposes of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. Plunkett v. Board of Pension Comm'rs of City of Hoboken, 113 N.J.L. 230, 232-233 (Sup. Ct. 1934), affirmed 114 N.J.L. 273 (E. & A. 1935). These general pension characteristics and purposes are peculiarly applicable to a police officer, who "occupies a unique position in our society" in that he "stands in the public eye as an upholder of that which is morally and legally correct." Fromm v. Board Directors of Police, etc. Retirement System, 81 N.J. Super. 138, 142-143 (App. Div. 1963). Recognizing this, the Legislature in the above-cited statute required that a municipal policeman who sought a retirement pension for age and service "[should] have served honorably."
Illustrating the principle that honorable service is a sine qua non for receipt of a pension, a former member of a fire department was denied a retirement pension because of his confession of the embezzlement of moneys of the Firemen's Relief Association. Plunkett, supra, 113 N.J.L., at p. 232.
In Ballurio v. Castellini, supra, the court held a municipal street department employee was ineligible for a retirement pension by reason of the fact that he pleaded nolo contendere *200 to a charge of abortion, even though the applicable pension statute at the time contained no specific provision for "honorable service." The court stated that such service is "implicit in every such [pension] enactment." (29 N.J. Super., at p. 389).
In Walter v. Police & Fire Pension Commission of City of Trenton, 120 N.J.L. 39 (Sup. Ct. 1938), it was held that a police officer forfeited his right to a pension when he was convicted of malfeasance in office even though he had become eligible for the pension by reason of his having the necessary service and age requirements. The court said:
"To bestow that reward [pension] upon one whose record of public service is marred by a conviction for malfeasance in office would be to place a premium upon dishonesty and inefficiency, to burden the taxpayer with the necessity of providing for one who has betrayed the trust imposed upon him." (at p. 42)
Likewise, in Fromm, supra, 81 N.J. Super., at p. 143, we said:
"To accept plaintiff's contention that a service-connected disability pension is not conditioned upon honorable service would be to subscribe to the totally unacceptable proposition that a policeman could retain pension benefits after being convicted of a crime committed in flagrant disregard of his sworn duty to uphold the law. Discipline would vanish and morale decline. The resultant harm to the community would be immeasurable."
The court therein affirmed a determination of the board of trustees of the Police and Firemen's Retirement System denying plaintiff policeman a pension because of his conviction "for altering and downgrading traffic tickets."
Thus, in the case at bar the Commission, after the first hearing (the details of which will be discussed infra) and relying on the above cited cases, determined that appellant, even though he possessed the necessary age and service requirements, did not satisfy the condition of "honorable service" and therefore was not entitled to a retirement pension. *201 No appeal was taken from this determination and appellant herein does not challenge the validity thereof.
We now turn to appellant's argument that the subsequent pardon restored his right to a retirement pension retroactively to the date of that pardon.
In support of his contention appellant relies upon the following general language:
"In the case of a full pardon, it relieves the punishment and blots out of existence the guilt of the offender to such an extent that in the eye of the law he is as innocent as if he had never committed the offense." 39 Am. Jur., Pardon, Reprieve and Amnesty, § 51, p. 550.
And see 67 C.J.S. Pardons § 11, pp. 575-576. However, these statements, characterized as generalizations, have not been universally accepted, recognized or approved. 67 C.J.S. Pardons § 11, p. 577. See also, Williston, "Does a Pardon Blot Out Guilt?" 28 Harv. L. Rev. 647 (1915).
In Cook v. Board of Chosen Freeholders of Middlesex County, 26 N.J.L. 326 (Sup. Ct. 1857), affirmed 27 N.J.L. 637 (E. & A. 1858), it was held that a pardon has no "retrospective" operation and takes effect only from the time it is granted. The court rejected the philosophy that pardons "were granted upon the idea of innocence" and stated the following:
"* * * Pardon implies guilt. If there be no guilt there is no ground for forgiveness. * * * It is asked as a matter of favor to the guilty. * * * The principle universally propounded is, that pardon is an exercise of sovereign or executive clemency toward the guilty." (at pp. 330-333)
Chancellor Walker, in an advisory opinion in In re New Jersey Court of Pardons, 97 N.J. Eq. 555, 558 (Ch. 1925), noted that the effect of a pardon was "not so much to restore his former [rights] as to give him a new credit and capacity."
In State v. Tansimore, 3 N.J. 516, 530-534 (1950), after reviewing many authorities in and out of the State, the court concluded that "Reason and logic seem to support the conclusions *202 of the cited authorities" that a pardon presupposes guilt not innocence.
While a pardon may restore to a convicted felon his rights of citizenship and remove all penalties and legal disabilities, it cannot and does not substitute a good reputation for one that is bad; it does not obliterate the fact of the commission of the crime; it does not wash out the moral stain; it involves forgiveness and not forgetfulness and it does not "wipe the slate clean." Stone v. Oklahoma Real Estate Commission, 369 P.2d 642 (Okl. Sup. Ct. 1962). A pardon "does not close the judicial eye to the fact that once he had done an act which constituted the offense." In re Lavine, 2 Cal.2d 324, 41 P.2d 161, 163, 42 P.2d 311 (Sup. Ct. 1935). It does not restore his character and does not obliterate the act itself. People v. Biggs, 9 Cal.2d 508, 71 P.2d 214, 116 A.L.R. 205 (Sup. Ct. 1937). See also People ex rel. Prisament v. Brophy, 287 N.Y. 132, 38 N.E.2d 468, 139 A.L.R. 667 (Ct. App. 1941), certiorari denied 317 U.S. 625, 63 S.Ct. 62, 87 L.Ed. 506 (1942); Groseclose v. Plummer, 106 F.2d 311 (9 Cir. 1939), certiorari denied 308 United States 614, 60 S.Ct. 264, 84 L.Ed. 513 (1939); Carlesi v. People of State of New York, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843 (1914); Commonwealth ex rel. Cannon v. Maroney, 419 Pa. 461, 214 A.2d 498 (Sup. Ct. 1965).
It has been held that an attorney or a physician is not restored to the right to practice his profession by a pardon for the conviction of that crime which originally caused the revocation of that right. People v. Rongetti, 395 Ill. 580, 70 N.E.2d 568 (Sup. Ct. 1947); Bowles v. Laws, 59 App. D.C. 399, 45 F.2d 669 (D.C. Cir. 1930), certiorari denied 283 U.S. 841, 51 S.Ct. 488, 75 L.Ed. 1452 (1931).
Keeping in mind these principles as to the characteristics of a pension and the general effects of a pardon, we again consider the Commission hearing of January 8, 1964  the one which preceded the pardon. Since oral argument and at our request counsel have furnished us with a transcript *203 thereof. Therein it appears that counsel for appellant submitted for consideration by the Commission the issue of "Mr. Hozer's honorable service" and advanced the contention that "the conviction itself is not inconsistent with * * * the honorable service." Appellant and two other witnesses on his behalf testified and numerous exhibits were introduced into evidence. The proofs were designed to show that appellant had been an honest, brave and excellent police officer for all the years of his service and was well regarded by everyone, but that he was the innocent victim of corrupt circumstances existing in the community and in the county at the time of the offense. He denied that he knew "what was going on" in the premises involved in the bookmaking.
However, there was also introduced into evidence at that hearing the record of appellant's trial for nonfeasance. Counsel for the Commission read portions of the opinion in State v. Hozer, supra, into the record. The court there had said:
"We think there was a plentitude of proof supporting the jury finding that he [appellant] knew of the use * * * [and] that when he investigated the places several times over the years, his investigations were simply gestures to give the semblance of investigations which were not such in fact, giving rise to the inference that he knew the use being made of the premises but permitted the continuance of the unlawful enterprise." (19 N.J., at p. 309)
The Court then detailed at length the facts supporting its conclusion.
On the record of that hearing the Commission on April 24, 1964 found that "the condition of honorable service was not satisfied" and that appellant "would not be entitled to the service retirement pension." We find that this conclusion was not based automatically upon the formal conviction of the crime but substantially upon the Commission's distinct determination that appellant did not satisfy the condition of "honorable service," although it is implicit in the determination that the conviction was deemed prima facie evidence of the dishonorable service. The hearing record amply supports the finding of dishonorable service.
*204 As noted above, the Commission considered the matter anew when appellant again applied for a pension after receiving a pardon. Finding "the same existing circumstances as heretofore presented," it "reaffirmed" its previous decision on June 8, 1966. Thus, in effect, appellant's pension application was again rejected on the basis of "dishonorable service" and the conclusion that the pardon did not change the material facts and circumstances. Anything in the statement by the secretary of the Commission in a letter to appellant indicating the basis to be otherwise is not consistent with the record of the proceedings and cannot vary the Commission's written determination.
The record clearly establishes the fact that appellant was guilty of "dishonorable service" during a period of five years from 1945 to 1950, apart from the bare fact of the conviction. The pardon does not obliterate such dishonorable service or wash out the moral stain thereof. Appellant has not "served honorably" as is required by N.J.S.A. 43:16-1, and therefore we conclude he is not entitled to a pension thereunder. To grant him one would be contrary to the legislative and public policy which establishes honorable service as a sine qua non for receipt of a pension by a public employee.
Appellant urges alternatively that this matter should be remanded to the Commission for a hearing on the issue of appellant's honorable service. Since we regard this issue as having been already fully tried and determined by the Commission, another hearing would be inappropriate.
In view of the grounds for this determination we need not consider the Commission's argument that appellant is in no event entitled to a pension because he was not an "active member of the police department" when he filed his pension application. However, see Walter v. Police & Fire Pension Commission of City of Trenton, supra, 120 N.J.L., at p. 41 and Ballurio v. Castellini, supra, 29 N.J. Super., at p. 388.
Judgment affirmed.