402 So.2d 684 (1981)
STATE of Louisiana
v.
William C. CLARK.
No. 80-KA-2687.
Supreme Court of Louisiana.
July 2, 1981.
Rehearing Denied September 4, 1981.
*685 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Michael Henry, Sp. Prosecutor, for plaintiff-appellee.
Julian E. Bailes, Natchitoches, for defendant-appellant.
DENNIS, Justice.[*]
Defendant, William C. Clark, was convicted by a jury of manslaughter, La.R.S. 14:31, and sentenced to twenty-one years at hard labor. In this appeal defendant argues three assignments of error which raise the following questions: Does a pardon by the governor prevent the use of a prior conviction to impeach the credibility of a witness's testimony? May the credibility of a witness be attacked by proof of his bad reputation for truth and veracity at a place other than the community in which he lives?
ASSIGNMENTS OF ERROR NOS. 1 and 3
The defendant took the witness stand in his own behalf. On cross-examination, the prosecution was permitted, over a defense objection, to elicit from the defendant an admission that in 1951 he was convicted of aggravated arson, aggravated burglary and manslaughter. The defense introduced evidence that in 1976 the governor pardoned him for those offenses. The trial judge refused to give a jury instruction requested by the defense that the executive pardon had the effect of reestablishing defendant's credibility. However, the judge charged the jury that it may consider the pardon to have this effect. Defendant argues that the judge's evidentiary ruling and jury instruction were erroneous because a pardon prevents the use of a conviction to impeach.
*686 This court has adopted the majority view that a pardon does not prevent the use of a conviction to impeach. State v. Boudreaux, 221 La. 1078, 61 So.2d 878 (1952); see also Hozer v. State Police & Firemen's Pension Fund, 95 N.J.Super. 196, 230 A.2d 508, 511-512 (1967); McCormick, Law of Evidence, § 43 at 87 (1972). The defendant may introduce evidence of his pardon, and the jury may weigh it as a valid consideration in assessing his credibility.State v. Taylor, 172 La. 20, 133 So.2d 349 (1931).
Other jurisdictions have recognized several exceptions to the general rule. A conviction too remote in time may be excluded by the judge if in his discretion he finds that under the circumstances it lacks probative value. Fire Assn. of Philadelphia v. Weathered, 62 F.2d 78 (5th Cir. 1932); McCormick, supra, § 43 at 87 n.67. Federal Rule of Evidence 609(c) provides that a pardon, amendment or certificate of rehabilitation prevents use of the conviction, if the procedure of issuance required a substantial showing of rehabilitation and the person has not been convicted of a subsequent crime punishable by death or more than a year in prison, or if its issuance was based on defendant's innocence.
The reasons for the rule and its qualifications were well put by the court of appeal in Gurleski v. United States, 405 F.2d 253, 266 (5th Cir. 1968), as follows:
"A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions particularly as they may bear on his present character and veracity. Any number of reasons may lie behind the granting of an executive pardon, but the granting of a pardon does not in itself indicate any defect in previous convictions. Neither does it negate any bearing that they may have on present credibility. Appellant introduced no evidence concerning the motives behind the granting of the pardon. In the absence of doubt being cast on the validity of these convictions, the pardon is not a bar. Richards v. United States, 89 U.S.App.D.C. 354, 192 F.2d 602, 30 A.L.R.2d 880 (1951), cert. den. 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703."
See also Slovenko, The Treatment of the Criminal in Louisiana and Elsewhere, 34 Tul.L.Rev. 523, 544 (1960).
The trial judge's ruling and instruction were in accord with the general rule and the rules of this jurisdiction. The defendant did not introduce any evidence to bring this case within an exception or qualification of the general rule. Nor can we say that the trial judge abused his discretion in refusing to exclude the convictions as having been too remote in time. The convictions were for very serious crimes involving extreme forms of untrustworthiness.
These assignments are without reversible merit.
ASSIGNMENT OF ERROR NO. 5
In rebuttal of evidence introduced by the defendant to show good character, the prosecution called a former sheriff of Natchitoches Parish, where the crime was committed, to testify to the defendant's bad reputation in the parish for truthfulness. Since the defendant resided in Red River Parish, his counsel objected to the testimony on the ground that it exceeded the traditional inquiry as to general reputation "in the community where he lives." McCormick, supra §§ 44,191. Because the objection was overruled, the defense argues reversible error was committed.
Our statute provides that character, whether good or bad, depends upon "the general reputation that a man has among his neighbors," La.R.S. 15:479. This wording conveys a similar meaning to the traditional formulation calling for "the general reputation at the present time ... in the community in which he lives. * * *" McCormick, §§ 44, 191.
The object of this limitation of place is to restrict evidence of repute, to reputation among the people who know the person best. However, a literal interpretation of the rule is no longer appropriate in this country today, where a person may be little known in the suburb or city neighborhood *687 where he lives, but well known in another locality where he spends his work days or in several localities where he does business from time to time. Thus, today it is generally agreed that proof may be made not only of the reputation of the person where he lives, but also of his repute, as long as it is "general" and established, in any substantial community of people among whom he is well known, such as the group with whom he works, does business or goes to school. McCormick, supra, §§ 44, 191; 5 Wigmore, Evidence, § 1616 at 591 (Chadbourne Rev. 1974).
Our statutory formulation, which limits general reputation evidence to "that a man has among his neighbors" is somewhat more expansible than the traditional rule. We think the legislative aim was to restrict evidence of repute to reputation among those who know the person well, and that it should be interpreted in accordance with the above stated generally agreed upon modern American view.
Although the defendant resided in Red River Parish, he testified that he worked for his employer in Natchitoches Parish for three years immediately preceding the offense, serving as his valet, chauffeur, and personal attendant. We conclude, therefore, that the trial judge did not abuse his discretion in finding that Natchitoches Parish was a substantial community of people among whom the defendant was well known, meeting the statutory standard.
This assignment is without merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
REDMANN, J. pro tem., dissents with reasons.
REDMANN, Justice pro tem., dissenting.
This Court is unconstitutionally constituted and an accused is denied due process of law by his or her case's being referred to it instead of to the Louisiana Supreme Court as constituted by La.Const. art. 5 §§ 1, 3 and 4, to which this Court should order this case referred.
See the writer's dissent, State v. Petterway, La. 1981,___ So.2d ___, ___.
NOTES
[*] Judges William V. Redmann and Thomas J. Kliebert of the Court of Appeal, Fourth Circuit, and Cecil C. Cutrer of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr. and Harry T. Lemmon.