STATE OF NEW JERSEY, RESPONDENT–RESPONDENT, v. XYZ
CORPORATION (A FICTICIOUS NAME),
PETITIONER–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 15, 1989—Decided April 21, 1989.

424

Before Judges ANTELL, DREIER and HAVEY.

*Walder, Sondak, Berkeley & Brogan,* for appellant (*James A. Plaisted,* of counsel and on the briefs).

*Peter N. Perretti, Jr.,* Attorney General, for respondent (*J. Grall Robinson,* Deputy Attorney General, on the brief).

The opinion of the Court was delivered by

HAVEY, J.A.D.

The principal question raised by this appeal is whether a corporation is a "person" qualified to petition for expungement pursuant to *N.J.S.A.* 2C:52–1, et seq. The trial court concluded that only "natural" persons qualify under the statute, and therefore dismissed XYZ Corporation's [1] petition to expunge an indictment returned against it which had been dismissed. We reverse. We conclude that the Legislature intended to afford the expungement remedy to all "persons," whether corporate or natural.

In December 1983, XYZ, and four of its principals were charged under State Grand Jury Indictment No. SGJ102–82–2 with purposely, knowingly and recklessly discharging a harmful substance, contrary to *N.J.S.A.* 2C:17–2a and c; complicity to release the substances, contrary to *N.J.S.A.* 2C:2–6; conspiracy, contrary to *N.J.S.A.* 2C:5–2, and criminal mischief, contrary to *N.J.S.A.* 2C:17–3a(1). These charges related to allegations that XYZ had discharged a substance known as "FM–2 HEELS" into sewerage systems operated by the Middlesex County Utilities Authority (MCUA) and Old Bridge Township Sewerage Authority (OBTSA).

---

[1] XYZ Corporation is a fictitious name utilized by appellant on leave granted by the trial court under its order denying expungement.

On June 6, 1986, XYZ and three of its principals were charged under State Grand Jury Indictment No. SHJ102–82–2(2) with conspiracy to tamper with physical evidence, public records and a witness, and complicity contrary to *N.J.S.A.* 2C:5–2, *N.J.S.A.* 2C:2–6; *N.J.S.A.* 2C:28–5 through *N.J.S.A.* 2C:28–8. The State charged that defendants had injected water into monitoring wells installed on XYZ's property during the pendency of consolidated civil proceedings initiated in 1977, entitled *City of Perth Amboy v. Madison Industries, Inc., et als.*, Docket No. L–28115–76 and *State of New Jersey, Department of Environmental Protection v. [XYZ Corp.], et als.*, Docket No. C–4474–76.

The procedural history of these consolidated civil proceedings is pertinent. On October 10, 1981 a final judgment was entered requiring XYZ to install a groundwater recovery system, and to monitor the groundwater recovery through monitoring wells. An amended final judgment was entered on June 14, 1983 after a remand by the Appellate Division. Thereafter, XYZ moved for an amendment to the judgment to permit development of an alternative groundwater recovery program.

XYZ's motion in the civil proceeding was pending when, on September 17, 1986, the State reached an agreement with XYZ and its principals in the present criminal action. The State agreed to dismiss both indictments and, for its part, XYZ agreed to establish a $250,000 trust for the purpose of cleaning and maintaining the sewer connection lines of the MCUA to the OBTSA. The MCUA agreed to assign XYZ its right of action against any other entities who had disposed of materials or substances into the sewer lines in question. The trust document was executed on October 30, 1986, and the indictments were dismissed on the same date.

XYZ and the individual defendants thereupon moved to expunge the records of the two indictments. After an expungement hearing, the trial court granted the motion in favor of the individual defendants, but denied XYZ's petition. In its Febru-

ary 2, 1988 opinion, the trial court concluded that a corporation is not a "person" within the meaning of the expungement statute, *N.J.S.A.* 2C:52–1, *et seq.* It also concluded that even if the petition were cognizable, it should be denied because the indictments sought to be expunged were the subject matter of Perth Amboy's and the DEP's civil litigation against XYZ. *See N.J.S.A.* 2C:52–14d. The court also reasoned that the petition should be denied because the need for the availability of the records outweighed the desirability of expungement. *See N.J. S.A.* 2C:52–14b. After XYZ filed its notice of appeal from the denial of its expungement petition, the Law Division entered an "Amended Final Order" on April 27, 1988 concluding the civil proceeding involving Perth Amboy, the DEP and XYZ.

We disagree with the trial court's determination that corporations are not "persons" entitled to expungement of arrest records. The pertinent statute is *N.J.S.A.* 2C:52–6, entitled "Arrests Not Resulting in Conviction." It provides that:

[i]n *all cases*, except as herein provided, wherein *a person* has been arrested or held to answer for a crime ... and against whom proceedings were dismissed, or who was acquitted ... may at any time following the disposition of proceedings, present a duly verified petition ... praying that records of such arrest and all records and information pertaining thereto be expunged. [Emphasis supplied].

The Criminal Code defines a "person," "he," and "actor" as "any natural person and, where relevant, a *corporation* or unincorporated association[.]" *N.J.S.A.* 2C:1–14g [emphasis supplied]. Every provision of the Code allegedly violated by XYZ subjects any "person" to its terms. *See N.J.S.A.* 2C:2–6; *N.J.S.A.* 2C:5–2; *N.J.S.A.* 2C:17–2; and *N.J.S.A.* 2C:28–5 to *N.J.S.A.* 2C:28–7. *N.J.S.A.* 2C:52–6 permits a "person" to petition for expungement "in all cases." The statute makes no distinction between a corporate and natural "person." Thus, the plain language of the statute discloses a legislative intent to afford the expungement remedy to all persons, including corporations. *Kimmelman v. Henkels & McCoy, Inc.,* 108 *N.J.* 123, 128 (1987); *Renz v. Penn Central Corp.,* 87 *N.J.* 437, 440

(1981). If the Legislature intended to exclude corporations from the definition of a "person," it would have so stated.

Further, the word "person" is used throughout the Criminal Code, including the expungement provisions, without any legislative expression that the word is to have different meanings. The general rule is that "a word or phrase should have the same meaning throughout the statute in the absence of a clear indication to the contrary." *Perez v. Pantasote, Inc.*, 95 *N.J.* 105, 116 (1984). No such "indication to the contrary" is present here. Indeed, it would be an anomalous result to subject a corporate "person" to criminal prosecution under specific provisions of the Code, and yet deprive it of the equitable remedy of expungement under the very code which imposes criminal liability.

The State argues that since the definition of a "person" under *N.J.S.A.* 2C:1–14g includes a corporation only "where relevant," the Legislature did not intend that a corporation is a person within the meaning of all of the code's provisions. However, we construe the language "where relevant" as simply intending to underscore the criminal liability of a corporation as a "person" where the provisions of the code impose such liability. For example, *N.J.S.A.* 2C:2–7 provides that a corporation may be convicted of a crime for the conduct of its agents acting within the scope of their employment, for the corporation's omission to discharge a specific duty imposed by law, and for conduct which the corporation authorizes, requests, commands, or "recklessly tolerate[s]."

As our Supreme Court held in *State v. A.N.J.*, 98 *N.J.* 421, 428 (1985), "[i]n the last analysis, our role is to effectuate the legislative intent" of the expungement statute. The clearly expressed design of the statute is to provide "relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity...." *N.J.S.A.* 2C:52–32. Expungement allows the "one-time offender" to answer any

questions about an arrest or conviction as if they had never occurred. *See N.J.S.A.* 2C:52–27.

We cannot conceive that the Legislature intended to offer such a benefit to a natural "person," but not to a corporation. While a criminal record may prevent a natural person from seeking a livelihood or pursuing an education, it may also impede a corporation's ability to compete in the public and private sector. Without the remedy of expungement, the corporation is placed in the position of having to disclose criminal charges and indictments when filing applications to do business with public agencies, or when it bids on public contracts.[2] Clearly, a corporation, particularly one subject to the rigors of governmental regulatory control, has a legitimate interest in expunging any taint attendant to a criminal indictment. At the very least, if the criminal record is not expunged, the corporation is placed in a position of having to seek legal counsel every time it files an application to do business with a public entity; at the very worst, its ability to compete in the public market place may be compromised.

We reject the trial court's reasoning that the Legislature, by referring to the person's "life" of rectitude, *N.J.S.A.* 2C:52–32, and by requiring the petitioner's "date of birth" in the expungement petition, *N.J.S.A.* 2C:52–7, intended to limit expungement proceedings to natural persons. Words are not to be considered to exist in a vacuum without reference to relevant policy considerations as expressed in the whole act. *See Matter of Hotel and Restaurant Emp. and Bartend.,* 203 *N.J.Super.* 297, 330 (App.Div.), certif. den. 102 *N.J.* 352 (1985). A corporation is as capable of leading a "life" of rectitude, and of

---

[2]In his certification in support of XYZ's petition, the treasurer of XYZ explained that the corporation has registered with 35 states in the past 10 years and often is required to disclose prior criminal charges and indictments against it. He also explained that XYZ has "with increasing frequency" been bidding on public contracts and that absent expungement, "[t]he indictments ... have placed us at a competitive disadvantage in some situations where we seek to obtain contracts and business opportunities."

"disassociat[ing itself] with unlawful activity" as is a natural person. *N.J.S.A.* 2C:52–32. The only difference between a corporate and natural "person" is that the former's "birth" is upon the proper filing of its corporate charter with the Secretary of State, *see N.J.S.A.* 14A:2–7(2), and its "life" continues until dissolution or forfeiture of charter.

We also do not agree with the trial court's reasoning that since a corporation cannot be "arrested," *see N.J.S.A.* 2C:52–6, the expungement statute was not intended to apply to corporations. *N.J.S.A.* 2C:52–6 provides that in all cases "wherein a person has been arrested or *held to answer for a crime* ... and against which proceedings were dismissed," expungement may be granted. [Emphasis added]. Although a corporation may not be "arrested," it is "held to answer for a crime," upon its indictment.

The trial court also held that even if XYZ is entitled to petition for expungement, the petition should be rejected under *N.J.S.A.* 2C:52–14d which allows for denial of a petition if:

[t]he arrest or conviction sought to be expunged is, at the time of hearing, the subject matter of civil litigation between the petitioner or his legal representative and the State....

As earlier noted, the civil actions instituted by the DEP and Perth Amboy against XYZ, arising out of alleged contamination of Perth Amboy's ground water, was still pending when XYZ's expungement petition was heard. The Deputy Attorney General who handled the criminal proceeding against XYZ, testified at the expungement hearing that the records, grand jury exhibits and expert reports obtained during the criminal investigation were relevant to the civil proceeding, and any expungement order would thus prejudice the State's right in the civil case. It was the State's position that the definition of expungement, providing for the expungement of "all records on file within any court, ... law enforcement or criminal justice agency concerning a person's detection, apprehension, arrest, ... or disposition of an offense ...," *N.J.S.A.* 2C:52–1a, compels sup-

pression of all records and related reports. The trial court agreed.

We need not address this point for several reasons. First, the issue is now moot, since the civil litigation against XYZ is no longer pending, a final order having been entered in the Law Division on April 27, 1988.[3] Second, even if the civil proceeding were pending, XYZ represented to the trial court during the expungement hearing that it was not seeking to expunge the underlying proofs in the criminal proceeding. It even agreed to return to the State its records the State had obtained during the criminal investigation for the DEP's use in the civil proceeding, if relevant and discoverable. XYZ simply wanted the benefit of being able to state that the indictment had never occurred. *See N.J.S.A.* 2C:52-27. We find nothing in the expungement statute that prohibits a defendant, as here, from voluntarily limiting the parameters of a proposed expungement order. Thus, the consequence of the proposed expungement order would leave the State entirely free to utilize the documents obtained during the criminal investigation in the civil proceeding, if necessary.

■ Finally, we reject the trial court's reasoning that the need for the availability of the records outweighs the desirability of expungement. *See N.J.S.A.* 2C:52-14b. In reaching this conclusion, the court concluded that public policy precludes the granting of an expungement in environmental cases. By so holding, the trial court essentially created a *per se* rule under *N.J.S.A.* 2C:52-14b, requiring the denial of all petitions involving environmental prosecutions, whether made by individuals or corporations. Such a rule has no statutory authority. *N.J.S.A.* 2C:52-2b recites the specific crimes under the Code which are not the subject of expungement; environmental crimes are not included.

---

[3]The record of XYZ's indictment itself cannot be deemed the "subject matter" of the civil proceeding since the indictment itself would not be evidentiary. *See Evid.R.* 47(c).

■ The burden under *N.J.S.A.* 2C:52–14b is upon the State, as objector, to show that availability of the records outweigh the desirability of expungement. Ordinarily, the State must establish the facts to deny expungement under this subsection by a preponderance of the evidence. *See State v. R.E.C.,* 181 *N.J.Super.* 79, 83 (Law Div.1981). However, "since denial of expungement in the context of an *acquittal* would constitute an unusual exercise of judicial power, the facts established should *clearly convince* the court that the need for the availability of the records outweighs the desirable effects of expungement." *Ibid.,* [emphasis added].

In our view, the State failed to meet this burden, particularly since XYZ stipulated that all of the underlying documents in the criminal investigation may be used in the civil proceeding. Further, in entering the expungement order in favor of the four individual defendants, the trial court obviously weighed the factors under *N.J.S.A.* 2C:52–14b and concluded that there was an insufficient basis to deny their petition. If availability of the criminal records did not outweigh the benefit of expungement to the principals of XYZ, it is illogical to conclude that the reverse is true as to the corporation itself.

Reversed and remanded for entry of an appropriate expungement order.