575 A.2d 423

IN THE MATTER OF THE PETITION TO EXPUNGE STATE OF NEW JERSEY, RESPONDENT–APPELLANT, v. XYZ CORPORATION (A FICTITIOUS NAME), PETITIONER–RESPONDENT.

Argued March 27, 1990—Decided June 20, 1990.

*Jane A. Grall,* Deputy Attorney General, argued the cause for appellant (*Robert J. DelTufo,* Attorney General of New Jersey, attorney).

*James A. Plaisted* argued the cause for respondent (*Walder, Sondak, Berkeley & Brogan,* attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

This case presents two issues. The first is whether a corporation is a "person" within the meaning of *N.J.S.A.* 2C:52–6a. That statute permits "persons" as to whom criminal proceedings have been dismissed to petition the Superior Court requesting that records of arrest "and all records and information pertaining thereto be expunged." The second issue concerns the standard of proof that the State must satisfy when objecting under *N.J.S.A.* 2C:52–14b to the expungement of criminal records relating to a prosecution not resulting in a conviction.

The Law Division concluded that a corporation is not a "person" within the meaning of the expungement statute. Alternatively, applying a preponderance-of-evidence standard, it found that the State had satisfied its burden as an objector to establish that the continuing availability of the records outweighed the desirability of expungement. The Appellate Division reversed, holding that a corporation was a "person" within the meaning of the statute, 232 *N.J.Super.* 423, 425–31, 557 *A.*2d 670 (1989), and that the State's burden as an objector is that of clear and convincing evidence, *id.* at 432, 557 *A.*2d 670. We granted the State's petition for certification on both issues, 117 *N.J.* 637, 569 *A.*2d 1337 (1989), and now affirm in part, reverse in part, and remand the matter to the Law Division.

–I–

XYZ Corporation (XYZ) is a fictitious name referring to a corporation indicted in two State Grand Jury Indictments. The relevant substantive and procedural facts are detailed in Judge Havey's careful opinion for the Appellate Division, 232 *N.J.Super.* at 425–26, 557 *A.*2d 670. For convenience, we summarize them briefly.

The first indictment charged that on several occasions XYZ had released acetone and other chemicals into sewer lines operated by the Middlesex County Utilities Authority (MCUA) and Old Bridge Township Sewerage Authority. Those dis-

charges had allegedly blocked a sewer line and created an explosive condition. The second indictment alleged that XYZ had falsified records and tampered with test results pertaining to the cleanup of groundwater pollution on its premises.

Through negotiations, the State agreed to dismiss the indictments against XYZ and its principals on condition that XYZ establish a $250,000 irrevocable trust for the benefit of MCUA to clean the sewer line. On creation of the trust, the State dismissed the indictments with prejudice.

After dismissal of the indictments, XYZ and the individual defendants petitioned, pursuant to *N.J.S.A.* 2C:52-6, to have the indictments expunged. The trial court granted the individual defendants' petitions, but denied XYZ's petition. In an unreported opinion, the trial court concluded that corporations are not "persons" within the meaning of the expungement statute. The court alternatively found that even if XYZ could file a petition, it should be denied under *N.J.S.A.* 2C:52-14b, because the State had satisfied the court by a preponderance of the evidence that the need for availability of the records outweighed XYZ's interest in expungement.

On appeal, the Appellate Division held that corporations are "persons" within the meaning of the expungement statute, and thus are entitled to petition for relief. 232 *N.J.Super.* 423, 425, 557 *A.*2d 670. Adopting the reasoning in *State v. R.E.C.,* 181 *N.J.Super.* 79, 83, 436 *A.*2d 573 (Law Div.1981), the Appellate Division additionally held that the expungement of records involving prosecutions not resulting in convictions can be denied only when the State has *"clearly convince* [d] *the court"* that the need for availability of the records outweighs the desirability of expungement. 232 *N.J.Super.* at 432, 557 *A.*2d 670. The court rejected the trial court's application of the preponderance-of-evidence standard, finding instead that the State had not satisfied the clear-and-convincing-evidence standard. The case was remanded for entry of an expungement order. *Ibid.*

–II–

We affirm the Appellate Division's judgment on the issue of corporate expungement, substantially for the reasons set forth in its opinion. To that thoughtful analysis, we add that we are unpersuaded by the State's argument that granting expungement of the indictments of XYZ will allow corporations to conceal the records needed by the Attorney General to monitor corporate criminal activity, and to exercise his authority under *N.J.S.A.* 14A:12-6(1)(c) to seek dissolution of a corporation that "has repeatedly conducted its business in an unlawful manner."

First, merely recognizing a corporation as a person entitled to petition for expungement does not assure that the petition will be granted. The petition may be denied for any of several reasons enumerated in *N.J.S.A.* 2C:52-14, including that "[t]he need for the availability of the records outweighs the desirability of having a person freed from any disabilities" of denying expungement. *N.J.S.A.* 2C:52-14b. To the extent that the State can demonstrate its need for the records, expungement can be denied. The mere fact that a corporation's petition may be granted, however, is an insufficient reason to deny it the right to seek expungement.

Second, we believe that the State is unnecessarily distressed over the prospect of the unavailability of expunged records. As we recently recognized, a central purpose of the expungement statute was to "broaden[ ] the reliable base of information that will be maintained for law enforcement." *State v. A.N.J.,* 98 *N.J.* 421, 427–28, 487 *A.*2d 324 (1985). The statute requires merely the "extraction and isolation," not the destruction, of expunged records. *N.J.S.A.* 2C:52-1a. Permitting a corporation to avail itself of the expungement statute will not tie the hands of law-enforcement agencies, nor will it necessarily impede the Attorney General's access to the records when he seeks dissolution of a corporation.

Expunged records remain available to the Attorney General and the courts for sentencing purposes. *N.J.S.A.* 2C:52–21. On request of the court, the Attorney General may institute dissolution proceedings "when a corporation is convicted of an offense or a high managerial agent of a corporation * * * is convicted of an offense committed in conducting the affairs of the corporation." *N.J.S.A.* 2C:43–4b. If dissolution is contemplated as part of a sentence, the Attorney General will have access to the expunged record. *N.J.S.A.* 2C:52–21.

Under *N.J.S.A.* 14A:12–6(1)(c), moreover, "[t]he Attorney General may bring an action in the Superior Court for the dissolution of a corporation upon the ground that the corporation * * * has repeatedly conducted its business in an unlawful manner." *N.J.S.A.* 2C:52–19 provides for the inspection and release of expunged records by permission of "the Superior Court upon motion for good cause shown and compelling need based on specific facts * * * where the subject matter of the records of arrest or conviction is the object of litigation or judicial proceedings." Expunging the indictment of a corporation, therefore, would not preclude the Attorney General from using it in an appropriate case.

–III–

■ We differ with the Appellate Division in its conclusion that the Attorney General must establish grounds for denial of expungement by clear and convincing evidence. 232 *N.J.Super.* at 432, 557 *A.*2d 670. As noted above, *N.J.S.A.* 2C:52–14b requires the court to deny a petition for expungement when an objector demonstrates that "[t]he need for the availability of the records outweighs the desirability of having a person freed from any disabilities as otherwise provided" by the statute. The Appellate Division recognized that normally an objector must establish the grounds for denial of expungement by a preponderance of the evidence. 232 *N.J.Super.* at 432, 557 *A.*2d 670. It held, however, that when an indictment has not

resulted in a conviction, the " 'facts established should *clearly convince* the court that the need for the availability of the records outweighs the desirable effects of expungement.' " *Ibid.* (quoting *R.E.C., supra,* 181 *N.J.Super.* at 83, 436 *A.*2d 573). We disagree.

▇▇▇▇ Standards of proof for all proceedings arising under the Penal Code are governed by *N.J.S.A.* 2C:1–13. That statute provides, in relevant part, that

[w]hen the application of the code depends upon the finding of a fact which is not an element of an offense, unless the code otherwise provides * * * [t]he fact must be proved to the satisfaction of the court or jury, as the case may be. [*N.J.S.A.* 2C:1–13d(2).]

In II *The New Jersey Penal Code: Final Report of the Criminal Law Revision Commission* (1971) (Final Report), referring to the language in 2C:1–13d(2), the Commission stated:

[This] standard of proof ["to the satisfaction of the court"] * * * is intentionally ambiguous. It means at least a preponderance of the evidence but beyond that the issue is left to the courts. The variety of situations [in which it applies] requires flexibility. [Final Report, commentary at 37.]

Thus, the Legislature intended to leave to the courts the determination of the standard of proof on issues arising under *N.J.S.A.* 2C:1–13d(2), such as those pertaining to expungement. In deciding which standard to apply, we must consider the underlying purpose of the statute, and choose the standard that best accommodates that purpose.

Application of the lower standard of proof is consistent with the Legislature's primary purpose in enacting the current expungement statute. The current statute was enacted to replace a prior statute that did not adequately protect law-enforcement agencies' interests in maintaining reliable information concerning criminal activity. *A.N.J., supra,* 98 *N.J.* at 425, 487 *A.*2d 324 ("Expungement of records of arrests and convictions [under the prior statute] presented law enforcement with serious problems of maintaining information."). To place a great burden on the State to prove its need for the records would contravene the Legislature's clear intent to provide law-enforce-

ment agencies with better access to information contained in criminal records. We therefore reverse the Appellate Division's judgment that a standard of proof more burdensome than a preponderance of evidence must be employed.

## –IV–

■ When interpreting *N.J.S.A.* 2C:52–14, the Law Division created a *per se* rule that in environmental cases the State's need for the records always outweighed the corporation's interests in expungement. We hold, and the State concedes, that this interpretation was too rigorous.

■ At the hearing before the Law Division, moreover, the State's only claim of need for not expunging the XYZ indictments was that those records could aid civil litigants who might sue the corporation. As the Appellate Division noted, 232 *N.J.Super.* at 432, 557 *A.*2d 670, however, XYZ has agreed to make available in civil proceedings all of the documents underlying the criminal prosecution.

■ On the record before us, the State has not met its burden of establishing that its need for the records outweighs the corporation's right to expungement. In light of the confusion in the lower court opinions concerning the appropriate standard for making that determination, we believe that the State should have another opportunity to meet its burden.

The judgment of the Appellate Division is affirmed in part, reversed in part, and the matter is remanded to the Law Division for reconsideration.

*For affirmance in part; for reversal in part; for remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.