PER CURIAM.
A bank customer appeals of a final judgment dismissing his claim against the bank for repayment of a number of alleged forged checks. We affirm.
In 1991, the customer opened two accounts at Barnett Bank. He claims that between 1991 and 1994 Barnett cashed eighty one forged checks. During this time, the customer was in federal custody at two different correctional institutions. In 1995, some months after his release and the discovery of the discrepancies, the customer signed affidavits of forgery for $100,553.20.
Thereafter, Barnett notified him the bank would not repay the funds sought, and the customer filed the instant action. The customer claimed that in his absence and without his permission the checks had been forged by a family member. Barnett maintained that although statements had been regularly sent to the customer,[1] as to all but the last six checks, the customer failed to discover and report the forgeries within one year. Thus, the bank argued, the customer was precluded from recovery under section 674.406(4) Florida Statutes (1995).
After a hearing on the matter, final judgment was entered against Barnett for $21,032.88, based on Barnett’s stipulation to liability on the last six alleged forged checks, the balance of the customer’s claim was rejected and final judgment was issued in Barnett’s favor.
Section 674.406 provides in part:
(3) If a bank sends or makes available a statement of account or items pursuant to subsection (1), the customer must exercise reasonable promptness in examining the statement or the items to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.
(4) If the bank proves that the customer failed, with respect to an item, to comply with the duties imposed on the customer by subsection (3), the customer is precluded from asserting against the bank:
(a) The customer’s unauthorized signature or any alteration on the item, if the bank also proves that it suffered a loss by reason of the failure; and
(b) The customer’s unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank if the payment was made before the bank received notice from the customer of the unauthorized signature or alteration and after the customer had been afforded a reasonable period of time, not exceeding 30 days, in which to examine the item or statement of account and notify the bank.
As mandated by section 674.406, the customer had an obligation to examine bank *1014 statements and notify the bank within one year of any claimed errors. The customer’s failure to timely discover and report the forgeries, bars his claim as a matter of law. See Gerber v. City Nat’l Bank of Fla., 619 So.2d 328 (Fla. 3d DCA 1993); Space Distribs., Inc. v. Flagship Bank, 402 So.2d 686, 589 (Fla. 5th DCA 1981). Having failed to fulfill this statutory obligation, the customer cannot recover for the alleged forgeries at issue.
Accordingly, the order under review is affirmed.

. The evidence demonstrated that the statements had been sent to the address listed by the customer. While some of the later statements may have been misdirected, no one timely notified the bank that any statement had not been received. Accordingly, these facts in no way relieved the customer of his statutory obligations, and are non-delermina-tive of the instant dispute.