**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3148-18T1

IN RE PETITION FOR
EXPUNGEMENT OF THE
CRIMINAL RECORD
BELONGING TO T.O.

_____

Argued December 11, 2019 – Decided December 30, 2019

Before Judges Haas, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Expungement No. 324-18.

William J. Palatucci argued the cause for appellant T.O. (Gibbons PC, attorneys; William J. Palatucci, Jennifer Ann Hradil, and Brendan J. Kelly, on the briefs).

Erin M. Campbell, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Esther Suarez, Hudson County Prosecutor, attorney; Erin M. Campbell, on the brief).

PER CURIAM

Petitioner T.O. appeals from a February 15, 2019 order denying his petition to expunge his convictions. We affirm.

On May 2, 1994, petitioner pled guilty to aggravated assault, N.J.S.A. 2C:12-(1)(b).  On May 26, 1996, he pled guilty to possession of a controlled dangerous substance within 1000 feet of school property, N.J.S.A. 2C:35-7. Petitioner received a pardon for both convictions from Governor Chris Christie in January 2018.

On February 15, 2019, the trial court denied petitioner's request to expunge all records pertaining to his convictions.  The motion judge concluded:

> the rules for expungement have been relaxed recently, especially in the wake of criminal reform but it is not this [c]ourt's job to legislate from the bench; to extend statutory reforms or to determine expungement proceedings.  This [c]ourt's purpose is to apply the law to the facts.  The facts are that there were two convictions and that the statute only allows for one expungement, pardoned or not.  Yes, the New Jersey Constitution is controlling.  However, the New Jersey Constitution grants pardons but does not define the benefits and advantages of the pardon and again[,] pardons do not eliminate all the consequences of those convictions . . . . Therefore the petitioner's request . . . is barred by statute.

On appeal, petitioner argues:

> POINT I
>
> THIS COURT MUST CONSTRUE THE EXPUNGEMENT STATUTE IN A WAY THAT GIVES THE GOVERNOR'S PARDON ITS FULL FORCE AND EFFECT.

POINT II

THE GUBERNATORIAL PARDON REMOVED THE STATUTORY BAR TO EXPUNGEMENT OF [PETITIONER'S] MULTIPLE CONVICTIONS, AND [PETITIONER] THEREFORE QUALIFIES FOR EXPUNGEMENT.

A. N.J.S.A. 2C:52-2(a) Bars Expungement Based Upon the Fact of Certain Convictions Rather than the Commission of the Crime.

B. The Gubernatorial Pardon Removed the Legal Disabilities Arising from [Petitioner's] Convictions, Thereby Lifting the Statutory Bar to Expungement.

Petitioner argues the trial court erred in denying his petition for expungement because such a denial "diminishes the Governor's constitutional prerogative to issue a pardon." Petitioner insists that because Governor Christie pardoned him, all disabilities flowing from his convictions have been eliminated and he is entitled to an expungement.

Our review of a trial court's statutory interpretation is de novo. McGovern v. Rutgers, 211 N.J. 94, 108 (2012) (citing Real v. Radir Wheels, Inc., 198 N.J. 511, 524 (2009)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

When a question of law turns on the interpretation of a statute, we look to the language and plain meaning of the statute to resolve any ambiguities in the statute's interpretation. See State v. K.M., 220 N.J. Super. 338, 339-40 (App. Div. 1987). "When a statute is clear on its face, a court need not look beyond the statutory terms to determine the legislative intent." State v. Churchdale Leasing, 115 N.J. 83, 101 (1989).

New Jersey's expungement statute expresses a clear, "primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity." N.J.S.A. 2C:52-32. "Also, 'a central purpose of the expungement statute was to broaden the reliable base of information that will be maintained for law enforcement[,]' thus 'requir[ing] merely the extraction and isolation, not the destruction, of expunged records.'" In re Expungement Petition of D.H., 204 N.J. 7, 17 (2010) (quoting State v. XYZ Corp., 119 N.J. 416, 421 (1990)).

On October 1, 2018, N.J.S.A. 2C:52-2(a) was amended to allow individuals to expunge more than one indictable offense under certain circumstances. N.J.S.A. 2C:52-2(a) now provides, in part:

> In all cases, except as herein provided, a person may present an expungement application to the Superior Court pursuant to this section if: . . . . the person has been convicted of multiple crimes or a combination of

one or more crimes and one or more disorderly persons or petty disorderly persons offenses under the laws of this State, all of which are listed in a single judgment of conviction, and does not otherwise have any prior or subsequent conviction for another crime or offense in addition to those convictions included in the expungement application, whether any such conviction was within this State or any other jurisdiction; or the person has been convicted of multiple crimes or a combination of one or more crimes and one or more disorderly persons or petty disorderly persons offenses under the laws of this State, which crimes or combination of crimes and offenses were interdependent or closely related in circumstances and were committed as part of a sequence of events that took place within a comparatively short period of time, regardless of the date of conviction or sentencing for each individual crime or offense, and the person does not otherwise have any prior or subsequent conviction for another crime or offense in addition to those convictions included in the expungement application, whether any such conviction was within this State or any other jurisdiction. . . .

The purpose of the 2018 amendment to N.J.S.A. 2C:52-2(a) was to "revise procedures for expunging criminal and other records and information, including the shortening of certain waiting periods before a person may seek an expungement and increasing the number of convictions which may be expunged." S. Judiciary Comm. Statement to S. 3307 1 (L. 2017, c. 244). The Legislature explained that the addition of the "interdependent or closely related

in circumstances" and "within a comparatively short period of time" language was intended to allow expungement of "a so-called 'crime spree.'" Ibid.

Petitioner does not suggest that the crimes he committed are set forth in one judgment of conviction or are interdependent or closely related in circumstances, so that he would be eligible for expungement under the recently amended statute. Instead, he relies on his pardon and the provisions of N.J.S.A. 2C:52-6 to contend he is eligible for expungement. He also points to In re L.B., 369 N.J. Super. 354 (Law Div. 2004), to support his claim that the trial court's denial of expungement constituted error. We are not persuaded.

Initially, we note the decision in L.B. is not binding upon us. L.B. also is distinguishable because the petitioner in that case sought an expungement of her lone indictable conviction after receiving a governor's pardon. In the instant case, petitioner has two convictions involving distinct offenses from different dates.

N.J.S.A. 2C:52-6 permits expungement when arrests and charges do not result in a conviction based on a "finding of guilt," or when the "proceedings against the person were dismissed, [or] the person was acquitted . . . or discharge[d]." N.J.S.A. 2C:52-6(a). Here, petitioner pled guilty to two criminal offenses, so his reliance on N.J.S.A. 2C:52-6 is misplaced.

Next, regarding petitioner's assertion that his pardon should have triggered an expungement of his convictions, we note expungement is not a right guaranteed by constitutional or common law; it is purely the product of legislation, and we are limited to the terms of the statute. In re G.P.B., 436 N.J. Super. 48, 50 (App. Div. 2014), aff'd sub nom In re Expungement Petition of J.S., 223 N.J. 54 (2015). Expungement is generally available for all criminal convictions, except for those specifically listed as non-expungable in N.J.S.A. 2C:52-2(b).

An expungement petitioner "has the burden to satisfy the requirements of the expungement statute[,] by a preponderance of the evidence." In re Criminal Records of R.Z., 429 N.J. Super. 295, 302-03 (App. Div. 2013) (alteration in original) (quoting D.H., 204 N.J. at 18). After a petitioner has established that he or she meets the statutory requirements, the burden shifts to the State "to 'demonstrate[] by a preponderance of the evidence that there is a statutory bar or that the petition should not be granted.'" D.H., 204 N.J. at 18 (alteration in original) (quoting In re G.R., 395 N.J. Super. 428, 431 (App. Div. 2007)).

The effect of an expungement is to deem an arrest, conviction and any other proceedings "not to have an occurred, and a petitioner may answer any questions relating to their occurrence accordingly." N.J.S.A. 2C:52-27.

7

Importantly, the expungement statute compels a person, whose record has been successfully expunged, to still disclose the expunged information under certain circumstances. Ibid. For example, a petitioner must still reveal the expunged record if he or she is seeking employment with the judiciary or law enforcement. N.J.S.A. 2C:52-27(b). Thus, expunging a record does not remove the underlying criminal acts from existence; instead, it creates a protective barrier to limit certain entities' access to expunged records. See In re Kollman, 210 N.J. 557, 568 (2012).

On the other hand, a pardon is a matter of executive grace. Storcella v. State, Dep't of Treasury, Div. of State Lottery, 296 N.J. Super. 238, 243 (App. Div. 1997) (citation omitted). A gubernatorial pardon forgives the crime. Id. at 244 (citation omitted). However, "a pardon does not obliterate the dishonorable conduct which resulted in the conviction or 'wash out the moral stain thereof.'" Ibid. (quoting Hozer v. Treasury Dep't, 95 N.J. Super. 196, 204 (App. Div. 1967)). "A pardoned person is restored to all rights of citizenship, and may vote, and may serve on a jury, but not all consequences of the conviction are erased by the pardon." Id. at 243-44 (citations omitted) (emphasis added).

Just as the effects of a pardon and an expungement are distinguishable, so too, is the genesis of each act. The Legislature has enacted and modified the

expungement statute, whereas the executive branch is empowered to grant gubernatorial pardons under Article 5, Section 2 of the New Jersey Constitution. A pardon, "exclusively an executive function, is not subject to judicial review." Brezizecki v. Gregorio, 246 N.J. 634, 644 (1990). By contrast, the grant or denial of an expungement is subject to judicial review.

Per Article 3, Section 1 of the New Jersey Constitution, "[t]he powers of the government shall be divided among three distinct branches, the legislative, executive, and judicial. No person or persons belonging to or constituting one branch shall exercise any of the powers properly belonging to either of the others, except as expressly provided in this Constitution."

Our Supreme Court has adhered to the separation of powers doctrine, specifically as it relates to expungement. Before the most recent amendment to the expungement statute, the Court was asked to judicially carve-out an exception to same. In J.S., 223 N.J. 54, the petitioner was convicted of multiple crimes within five days of each other. The J.S. Court determined that although similar in nature, the crimes were not committed as part of a single, uninterrupted criminal event. Id. at 77. Instead, each offense was a discrete "crime" within the meaning of N.J.S.A. 2C:52-2, and the second offense was "subsequent" to the first, which rendered the petitioner ineligible for

expungement under N.J.S.A. 2C:52-2. <u>Ibid.</u> The Court emphasized it "construe[d] the plain language of N.J.S.A. 2C:52-2(a) to preclude expungement" and concluded that, "as it is currently drafted, N.J.S.A. 2C:52-2(a) does not authorize expungement of the criminal records of individuals who are in the position of petitioners. If the Legislature determines that expungement should be available to such individuals, it can amend the statute to clarify its intent in that regard." <u>Id.</u> at 59.

The <u>J.S.</u> Court acknowledged the expungement statute was broadened in 2010 to expand expungement opportunities for offenders, yet, the expansion did not include any alteration to the particularly relevant "prior or subsequent crime" language of N.J.S.A. 2C:52-2(a). <u>J.S.</u>, 223 N.J. at 71-72. As such, the Court followed the plain language of the statute and affirmed the denial of an expungement. <u>See</u> <u>State v. A.N.J.</u>, 98 N.J. 421, 427 (1985) (holding that the judiciary's role is to strictly follow the requirements of the expungement statute, even though "anomalies may occur").

"Certainly, the Legislature is conversant with its own enactments, particularly when a statute is considered for amendment." <u>Ibid.</u> (quoting <u>Comm. of Petitioners for Repeal of Ordinance No. 522 (2013) of Borough of W. Wildwood v. Frederick</u>, 435 N.J. Super. 552, 567 (App. Div. 2014)).

Nevertheless, even with the expansion of the expungement statute in recent years, the Legislature has not authorized a rather simple adjustment to the statute's language to permit a pardon to constitute a separate basis for expungement. We decline to judicially create such an exception. Accordingly, we discern no reason to disturb the trial judge's denial of petitioner's request for an expungement.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Petitioner's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-3148-18T1