30 A.3d 1073 (2011)
423 N.J. Super. 124
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent,
v.
I.S., Defendant-Appellant.
In the Matter of N.S. and S.S., Minors.
Docket No. A-5793-09T3
Superior Court of New Jersey, Appellate Division.
Submitted May 11, 2011.
Decided August 31, 2011.
Resubmitted October 20, 2011.
Decided November 23, 2011.
Joseph E. Krakora, Public Defender, attorney for appellant (Alan I. Smith, Designated Counsel, and T. Gary Mitchell, Deputy Public Defender, on the briefs).
Paula T. Dow, Attorney General, attorney for respondent (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Nancy R. Andre and James D. Harris, Deputy Attorneys General, on the briefs).
Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor S.S. (Jeffrey R. Jablonski, Designated Counsel, on the brief).
Before Judges CUFF, SAPP-PETERSON and FASCIALE.
The opinion of the court was delivered by SAPP-PETERSON, J.A.D.
On September 12, 2011, I.S. filed a motion for reconsideration[1] of our earlier decision in New Jersey Division of Youth & Family Services v. I.S., 422 N.J.Super. 52, 25 A.3d 1214 (App.Div.2011). I.S. contends that absent a finding that a child has been neglected or abused, a court may not retain jurisdiction over a child based upon the court's determination that its assistance is still required. The Division of Youth and Family Services (Division), while opposing reconsideration for other reasons, agrees that N.J.S.A. 9:6-8.50c cannot be interpreted to continue a court's jurisdiction in the absence of a finding of abuse or neglect and urges that our interpretation *1074 is an "unnecessary expansion of the plain meaning of N.J.S.A. 9:6-8.50c and is too vague a standard to support an exercise [of] the State's [parens patriae] power." The Law Guardian opposes reconsideration but seeks clarification of our decision insofar as it may be read to heighten the burden of proof at a fact-finding hearing. The Division likewise seeks clarification that the burden of proof in actions brought pursuant to N.J.S.A. 30:4C-12 is not the clear and convincing evidence standard, as may be construed from the opinion.
We deny reconsideration for the reasons expressed in our earlier decision. I.S., supra, 422 N.J.Super. at 72, 25 A.3d 1214. We do, however, clarify our decision insofar as it may be interpreted as altering the applicable burdens of proof in Title 9 and Title 30 actions. It does not.
The burden of proof in abuse or neglect proceedings is proof by a preponderance of the evidence. N.J.S.A. 9:6-8.46b(1). See also New Jersey Div. of Youth & Family Servs. v. N.S., 412 N.J.Super. 593, 615, 992 A.2d 20 (App.Div.2010). Reference in our decision to the trial judge's finding at the January 11, 2008 fact-finding hearing that, by clear and convincing evidence, neither parent had the ability to care for or meet the needs of the twins, was not intended to heighten the standard of proof in such proceedings. Rather, the reference was intended to illustrate the trial court's view of the strength of the proofs demonstrating I.S.'s inability to care for or meet the needs of her two daughters.
Turning to Title 30 actions where the Division initiates an action to terminate parental rights, it is required to prove, by clear and convincing evidence, that termination is in the best interests of the child. New Jersey Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 280, 914 A.2d 1265 (2007). All other proceedings under Title 30 are governed by the preponderance of the evidence standard. Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 169, 892 A.2d 1240 (2006) ("As a general rule, the preponderance of the evidence standard applies in civil actions." (citing State v. Seven Thousand Dollars, 136 N.J. 223, 238, 642 A.2d 967 (1994))).
Other than the clarification as set forth herein, reconsideration is denied, and the January 18, 2008, and the June 24, 2010, Family Part orders remain affirmed.
NOTES
[1] M-0205-11.