42 A.3d 942 (2012)
426 N.J. Super. 54
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent,
v.
T.S., Defendant-Appellant.
In the Matter of I.S. and V.S., Minors.
Docket No. A-3012-10T3
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 2012.
Decided May 31, 2012.
*944 Joseph E. Krakora, Public Defender, attorney for appellant (Michael C. Wroblewski, Designated Counsel, on the brief).
Jeffrey S. Chiesa, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; James F. Lafargue, Deputy Attorney General, on the brief).
Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Phyllis G. Warren, Assistant Deputy Public Defender, on the brief).
Before Judges PARRILLO, GRALL and ALVAREZ.
The opinion of the court was delivered by
GRALL, J.A.D.
On leave granted, we review an interlocutory order denying a parent's application to terminate placement of her children, who are in her custody, under the care and supervision of the Division of Youth and Family Services (Division) pursuant to N.J.S.A. 30:4C-12. The court entered the order after determining that the parent had not abused or neglected the children within the meaning of N.J.S.A. 9:6-8.21c. The court erred because it did not conduct a summary hearing, on adequate notice, to determine whether the Division's intervention was in the children's best interests or identify services the parent needed to maintain and educate *945 them, ensure their health and safety or avoid endangering them. N.J.S.A. 30:4C-12. Additionally, the court erred by extending the order beyond six months several times without holding hearings on the propriety of continuing intervention as required by N.J.S.A. 30:4C-12.
T.Sl. is the mother of eight-year-old I.St., and four-year-old V.Sl. She is twenty-five years old. Her husband, A.Sl., is the father of V.Sl., and A.St. is the father of I.St. T.Sl. appeals from the denial of her motion to terminate an order placing the children under the care and supervision of the Division pursuant to Title 30. Since December 2009, the children have been in T.Sl.'s custody but under the Division's care and supervision. Neither father has participated in this appeal.
In November 2009, the Division filed a complaint and order to show cause pursuant to N.J.S.A. 9:6-8.28 and N.J.S.A. 30:4C-12 and obtained custody, care and supervision of I.St. and V.Sl. At that time, T.Sl. and A.Sl. had been arrested and were incarcerated on pending charges. When T.Sl. was arrested on October 24, the children were with A.S1. Before A.Sl.'s arrest, he put V.Sl. in the care of the child's paternal grandfather and I.St. in the care of her father, A.St., and his fiancée. A.St. subsequently left his daughter in the care of her maternal grandmother, B.G.
A.St.'s decision to leave I.St. in B.G.'s care put A.Sl. and T.Sl. in violation of a voluntary case plan they reached with the Division on October 8, 2009. The Division developed that plan after a doctor reported that V.Sl. had numerous bruises. Following an investigation, the Division concluded that V.Sl. was injured by I.St. while B.G. was babysitting the children and that the allegations of abuse or neglect by A.Sl. or T.Sl. were unfounded. Consequently, the Division opened a case file but did not file a complaint, and T.Sl. and A.Sl. signed a case plan agreeing not to have B.G. babysit and to have the Division arrange for a psychological evaluation of I.St.[1]See N.J.S.A. 9:6-8.27a (authorizing the Division to remove a child with the consent of a parent or guardian and impliedly authorizing less intrusive protective action with such consent). Because of that case plan, T.Sl. placed a phone call alerting the Division to the arrests and the children's circumstances.
The pending criminal charges against T.Sl. were resolved before December 8, 2009, when a hearing was held on the Division's complaint. By that date T.Sl. had been admitted to the Pretrial Intervention Program and the children had been returned to her custody, presumably on a finding that they could be safely returned, N.J.S.A. 9:6-8.32. On December 8, the court entered an order providing for I.St. to receive counseling at home. The order does not address services for T.Sl.
A.Sl. was still incarcerated on December 8, 2009. He subsequently pled guilty to criminal restraint pursuant to an agreement with the State that called for a sentence of probation and 364 days in county jail.
Despite the return of the children to T.Sl., the Division pursued the charge of abuse and neglect against T.Sl. and A.Sl., alleging that as a consequence of their arrests I.St. was left in the care of B.G. in violation of the case plan. The hearing on that allegation was not commenced until May 2010.
*946 Prior to that hearing, the Division investigated. I.St. was evaluated by a psychiatrist on February 8, 2010. The psychiatrist concluded that the child "presented with psychiatric problems in the realm of ODD and ADHD, and problems with impulse control." He recommended outpatient individual and group therapy.
On March 21, 2010, the court issued an order directing T.Sl. and A.Sl. to submit to psychological evaluations and T.Sl. to attend parenting classes and individual and family counseling with I.St. A subsequent order, entered on April 7, 2010, does not address services for T.Sl.
On May 26, 2010, the court conducted a fact-finding hearing to determine whether the Division could establish abuse and neglect. See N.J.S.A. 9:6-8.44, -8.46. On June 16, 2010, the court heard argument and rendered its decision. The court determined that T.Sl. and A.Sl. had not abused or neglected the children but found that A.St. endangered I.St. by leaving her with B.G.[2] Notwithstanding the finding of no abuse or neglect by T.Sl. or A.Sl., the court entered an order continuing the children under the care and supervision of the Division. The judge explained:
[T]here's enough under Title 30, which is a very different standard [than abuse and neglect]. The standard is whether [the parent is] capable of providing everything that's necessary for the children, ... notwithstanding abuse of neglect[,] and I think we still need to follow up on the case and find out where it's going.
T.Sl.'s attorney objected, arguing that T.Sl. should not be required to deal with the Division any further because the court had not found abuse or neglect. Relying on the injuries V.Sl. sustained while in the care of B.G. and the case plan to which they agreed, the court concluded that there was a need for the Division "to provide services to the family or the children." The Division had not given the parties prior notice of its intention to consider whether to continue the children in the care and supervision of the Division pursuant to Title 30, in the event that T.Sl. and A.Sl. were not found to have abused or neglected the children. At that point, the court should have required the Division to apply for an order compelling T.Sl.'s cooperation in further investigation, N.J.S.A. 30:4C-12, or an order continuing the children under its care and supervision, N.J.S.A. 30:4C-12.
T.Sl. did not move for interlocutory review of that order. Instead she submitted to a psychological evaluation on July 1, 2010. In the psychologist's opinion, she had a "partner relationship problem," had been the victim of physical abuse as an adult, and exhibited obsessive compulsive, histrionic and schizoid personality traits. He suggested short-term supportive therapy and behavior modification techniques. In the psychologist's view, T.Sl.'s prognosis was "fair" and her symptoms could be expected to diminish in about six months. On January 18, 2011, a judge recently assigned to the case heard argument on T.Sl.'s motion to terminate the Division's care and supervision pursuant to Title 30. Prior to the argument on the motion, the judge listened to a recording of the oral decision her predecessor delivered on June 16, 2010. No testimony was taken. The judge understood, in our view incorrectly, that her predecessor had found that the children's health and safety would be at risk without services that permit them to *947 adequately parent. T.Sl.'s attorney argued that "some type of summary hearing" was required, but the judge concluded that the testimony taken at the fact-finding hearing was adequate, and continued the order for the reasons her predecessor had stated. She further noted that T.Sl. had not yet had the psychiatric evaluation recommended by the psychologist and concluded that "the best interests and health and safety of the children would clearly be affected if a psychiatric [evaluation] was not done."
The law guardian was concerned about I.St.'s behavior and represented that I.St. was still acting out. T.Sl., however, advised that she and I.St. had met with a counselor in their home and that she had tried to get counseling through the school, which was denied because I.St. was getting good grades. T.Sl. acknowledged, however, that her daughter could benefit from counseling.
On February 4, 2011, T.Sl. moved for leave to appeal from the January 18 order, and the Division did not oppose the motion. It was granted by a panel of this court on February 24, 2011. Six months later, on August 16, 2011, the Division moved for a temporary remand. A second panel granted the Division's unopposed motion for a remand on September 6, 2011 and directed the judge to "conduct necessary proceedings to make additional findings of fact relating to jurisdiction pursuant to N.J.S.A. 30:4C-12 within sixty days."
In the interim, proceedings had continued in the trial court. On February 14, 2011, T.Sl. submitted to a psychiatric evaluation. The psychiatrist, Dr. Sonia Oquendo, M.D., reported that she did not have enough information to form a strong opinion on T.Sl.'s capacity to parent. She noted, "with the information made available to me, I have no reason to suspect her children are in any imminent risk of being harmed." Nevertheless, Dr. Oquendo recommended:
[T]hat she continue to attend counseling and/or therapy and that she be closely monitored to safeguard her own children. She should procure and make sure that her daughter receives appropriate treatment for her ADHA and ODD diagnosed orders. In addition, she should comply with any recommended services as necessary and recommended by DYFS.
On April 11, 2011, the judge who heard the January 18 motion entered an order requiring I.St. and T.Sl. to attend family and individual counseling. The judge explained, "Title 30 services to remain in place due to findings and report of Dr. Oquendo."
The judge held a review hearing and addressed this court's remand on October 26, 2011. No testimony was taken, but T.Sl. and the attorneys made representations about current circumstances. The Division represented that T.Sl. was compliant and I.St. was receiving counseling, but noted its concern about her having stable housing. T.Sl. advised that the family had been living at "Amandla Crossing" since August, and she confirmed the judge's understanding that Amandla Crossing provides its residents assistance with "transitional housing" after six months to one year.
The colloquy during that hearing suggests that the judge was under the misimpression that this court remanded sua sponte for the purpose of providing additional findings based on the record that had been developed. After the judge concluded a lengthy recitation of the history of the case, T.Sl.'s attorney reiterated that his client's position was that the need for services should have been litigated in June 2010 when the judge's predecessor determined *948 that neither T.Sl. nor A.Sl. had abused or neglected the children.
At that point, the deputy attorney general informed the court that he did not think there had been a contested hearing on the court's exercise of jurisdiction pursuant to Title 30. T.Sl.'s attorney agreed and explained that the defense had objected on that ground. The deputy conceded that there was no hearing on the propriety of continuing services under Title 30, but he advised the judge that she had made findings sufficient to support the exercise of jurisdiction. The judge proceeded to enter another order continuing services and scheduling another review for January 3, 2012.
On inquiry of this court, the attorneys have advised that the trial court dismissed this case on May 7, 2012. For that reason, the issue raised is obviously moot. Nevertheless, because the issue implicates the public's important interest in the welfare of children and is likely to arise again in circumstances that evade review, we address it. See In re Commitment of N.N., 146 N.J. 112, 124, 679 A.2d 1174 (1996).
Where, as here, the Division has commenced an action under Title 9, N.J.S.A. 9:6-8.21 to -8.70, and Title 30, N.J.S.A. 30:4C-1 to -40, the Title 9 action must be dismissed if the court finds that the adult charged has not abused or neglected the child or if the court concludes that its assistance is not required. N.J.S.A. 9:6-8.50c. A dispositional hearing is held "after the required findings [that the child is abused or neglected] are made." N.J.S.A. 9:6-8.47a; see N.J.S.A. 9:6-8.51 (listing dispositions available following an adjudication); N.J.S.A. 9:6-8.50e (authorizing the court to order the Division to provide services if the court finds that the child is abused or neglected); N.J.S.A. 9:6-8.53a (permitting the court to release a child to the custody of a parent and place a child under the supervision of the Division when entering a dispositional order). The court has no authority to enter further orders in a Title 9 proceeding if it finds that the child has not been abused or neglected. N.J. Div. of Youth & Family Servs. v. N.D., 417 N.J.Super. 96, 110, 8 A.3d 809 (App.Div.2010); contra N.J. Div. of Youth & Family Servs. v. I.S., 422 N.J.Super. 52, 68, 25 A.3d 1214 (App. Div.2011) (construing N.J.S.A. 9:6-8.50c to permit the court to keep a case open after a finding of abuse and neglect upon determining that its assistance is required), clarified on other grounds, 423 N.J.Super. 124, 30 A.3d 1073 (App.Div.2011), certif. granted, 209 N.J. 232, 36 A.3d 1063 (2012).
A dismissal of a Title 9 action, however, does not foreclose further intervention by the Division pursuant to N.J.S.A. 30:4C-12 to protect a child who, although not abused or neglected, is in need of services to ensure its health and safety. The Legislature reformed the child welfare system to "protect children from abuse and neglect" by providing "services to at-risk children and families in order to prevent harm to their children." N.J.S.A. 30:4C-1.1a. In doing that, the Legislature recognized that "the safety of children must always be paramount." N.J.S.A. 30:4C-1.1c.
The Legislature set forth standards for the Division's intervention in N.J.S.A. 30:4C-12. The Division is authorized to investigate complaints that a person responsible for a child "is unfit to be entrusted with the care and education of such child, or shall fail to provide such child with proper protection, maintenance and education, or shall fail to ensure the health and safety of the child, or is endangering the welfare of such child...." N.J.S.A. 30:4C-12. As noted above, when a parent *949 objects to an investigation, the Division may obtain an order compelling cooperation. Ibid. And, after the investigation, if "it appears that the child requires care and supervision by the division or other action to ensure the health and safety of the child, the division may apply" for a court order "placing the child under [its] care and supervision or custody...." Ibid.
The court must conduct a summary hearing to authorize the Division's involvement, and may place a child under the care and supervision of the Division if "satisfied that the best interests of the child so require...." Ibid. The Division must provide sufficient competent and credible evidence to satisfy the court. N.J. Div. of Youth & Family Servs. v. J.Y., 352 N.J.Super. 245, 260-61, 800 A.2d 132 (App.Div.2002). Where, as here, the interference is temporary and does not involve separation of a child from a parent, proof by a preponderance of the evidence can satisfy the court and protect the parents' interests. See generally State v. XYZ Corp., 119 N.J. 416, 423, 575 A.2d 423 (1990) (discussing considerations relevant to the standard of proof under a statute requiring proof to the satisfaction of the court); In re S.L., 94 N.J. 128, 142 n. 10, 462 A.2d 1252 (1983) (concluding, based on the "the nature and type of evidence relevant to the placement review hearing" for a person formerly but no longer in need of civil commitment, that "it is not appropriate to allocate a specific burden of proof nor define with precision the level or quality of proof required," and noting that "the court has direct responsibility to be satisfied that the evidence is sufficient to support the conclusion reached").
The term "best interests" is not statutorily defined, but the Legislature has directed courts to "liberally construe[]" these statutes. N.J.S.A. 30:4C-10 (referring to L. 1951, c. 138, section 12 of which is codified as N.J.S.A. 30:4C-12). And, in construing this statute, our courts have considered the Legislature's underlying purposeprotection of children from harm when the parents have failed or it is "reasonably feared" that they will. N.J. Div. of Youth & Family Servs. v. Wunnenburg, 167 N.J.Super. 578, 586-87, 408 A.2d 1345 (App.Div.1979). Similarly, in deciding what services a parent should be ordered to accept in a child's best interests, the court should focus on the need to ensure the health and safety of children. N.J.S.A. 30:4C-12.
Where an order of care and supervision has been entered pursuant to N.J.S.A. 30:4C-12, it is only effective for six months. Thus, when services will be needed for a longer period, the Division must establish grounds for an extension of its authority "at a summary hearing held upon notice to the parent, parents, guardian, or other person having custody of the child...." Ibid.
In a case such as this, where the Division initially proceeded under Title 9 and Title 30, the dismissal of the Title 9 action due to a finding of no abuse or neglect requires a hearing as to whether an order of care and supervision should be entered under Title 30. Especially in a case such as this, where the return of children to a parent's custody suggests that they are not endangered, the court should make findings and explain the need for the Division's involvement and the relationship between that need and the services a parent is compelled to accept. In this circumstance, the Division and the court must be mindful that orders for services should be related to the need for intervention in the particular case. Orders unnecessarily obligating parents to participate in programs and undergo testing because they are routinely ordered, may unnecessarily limit a parent's ability to focus on meeting the child's needs.
*950 Absent a showing that services or supervision or both appear to be in the best interests of the child because the services are needed to ensure the child's health and safety, a case should be dismissed. Moreover, the Division and the court must not lose sight of the fact that the order expires after six months unless grounds for an extension of the Division's authority to intervene are established as required by N.J.S.A. 30:4C-12. The terms "case management review" and "compliance review" are potentially misleading misnomers for the periodic hearings the statute requires. The purpose is not to check-up on and review a parent's compliance or to manage the case. The purpose is to require the Division to demonstrate that continued care and supervision is still in the best interests because there is a need to ensure the child's health and safety. N.J.S.A. 30:4C-12.
We do not suggest that the evidence in this case was patently inadequate to satisfy the court that some intervention by the Division was necessary to protect the health and safety of the children. One of the children was in need of counseling important to her mental or emotional health, and the other was at risk of injury if his parents did not better address his need for protection. Our concern is that the orders continuing supervision following dismissal of the Title 9 action were not entered after a hearing and on adequate findings based on the record.
In hindsight, it appears that T.Sl. and I.St. have benefited from the services the Division has provided. But that is not the point. Compliance with the statutory scheme that strikes a proper balance between the State's interest in protecting children and the rights of parents to rear their children is critical. N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 397, 401, 968 A.2d 698 (2009); J.Y., supra, 352 N.J.Super. at 261, 265, 800 A.2d 132. It was lacking in this case.
Because the trial court has now dismissed this case, no further action is required.
NOTES
[1] A prior complaint charging T.Sl. and A.St. with abuse and neglect was dismissed on April 2, 2009. From the record provided, it appears that the case was dismissed prior to a finding of abuse or neglect.
[2] The court entered an order memorializing a finding of abuse and neglect by A.St., and he did not appeal. There is no indication in this record that A.St. was aware of the case plan or the injuries V.Sl. sustained while in B.G.'s care.