SYLLABUS

This syllabus is not part of the Court's opinion.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**New Jersey Division of Child Protection and Permanency v. J.C.**
**(A-8-23) (088071)**

**Argued February 26, 2024 -- Decided May 29, 2024**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a family court judge may dismiss an action for the care and supervision of children brought pursuant to N.J.S.A. 30:4C-12 but continue restraints on a parent's conduct.

The Division of Child Protection and Permanency (the Division) became involved with J.C. (Jan) and her family in July 2018, when a hospital employee notified the Division that Jan had been involuntarily hospitalized for manic and paranoid behavior.  The Division implemented a safety plan that mandated temporary supervision of Jan's contact with her children.  Later, the Division lifted the plan.  Following a referral in December 2019, when Jan admitted that she had stopped seeing her therapist and was diagnosed with bipolar disorder with psychotic features, the Division reinstituted the safety plan and filed a complaint.  The Family Part granted the Division care and supervision of the children.  In March 2021, the Law Guardian sought to dismiss the Title 30 action because of Jan's lack of cooperation with the Division.  The court discontinued the Division's care and supervision of the children but dismissed the litigation with restraints, deeming it "irresponsible" to allow Jan to have unsupervised contact with the children, considering her mental health issues.  The Appellate Division affirmed, and the Court granted certification, 255 N.J. 375 (2023).

**HELD:**  The family court does not have the authority under N.J.S.A. 30:4C-12 to dismiss a Title 30 action -- and with it, a parent's appointed counsel -- but continue restraints on a parent's conduct.  If the family court finds that it is in the best interests of the child to continue the restraints on a parent's conduct, it must keep the case open to facilitate judicial oversight of the Division's continued involvement, while safeguarding a parent's right to counsel.

1.  In DYFS v. I.S., the Court outlined the multi-step process set forth in N.J.S.A. 30:4C-12 which the Division must follow to properly exercise its authority under Title 30.  214 N.J. 8, 34 (2013).  First, the Division must investigate following a

1

referral.  If, as a result of the investigation, it appears that the child requires care and supervision by the Division or other action to ensure the health and safety of the child, the Division may apply for a court order.  The family court must then hold a summary hearing and may issue an order for care and supervision if it is satisfied that the best interests of the child so require.  Importantly, N.J.S.A. 30:4C-12 provides that any order entered by the court is effective for six months, after which the Division may apply for an extension.  If the court determines that an extension is warranted, care and supervision may be continued thereafter, provided there is periodic review by the family court.  The purpose of periodic review is not to check-up on and review a parent's compliance or to manage the case, but rather to require the Division to demonstrate that continued care and supervision is still in the best interests because there is a need to ensure the child's health and safety.  The Court notes that indigent parents facing either temporary loss of custody or permanent termination of their parental rights have a right to appointed counsel in Title 30 proceedings in light of the magnitude of the consequences involved.  (pp. 13-16)

2.  Here, the family court's order terminated the Title 30 matter but maintained restraints upon Jan, which would result in the Division's continued involvement with the family without the requisite judicial oversight.  That is inconsistent with the express provisions of N.J.S.A. 30:4C-12.  A case should be dismissed only when the court determines that neither services nor supervision are required to ensure the child's health and safety.  Thus, if the court finds that the Division established by a preponderance of the evidence that restraints on a parent's contact with her children is in their best interests, the case should not be dismissed.  Functionally, when a Title 30 action is terminated, so too is the right to the appointment of counsel.  Therefore, if a case is dismissed with continuing restraints, a parent with appointed counsel, like Jan, who seeks review in the future would not be entitled to the assistance of counsel to begin that process, a result that is incompatible with due process and a parent's right to counsel in Title 30 proceedings.  The Court is mindful that Title 30 requires the Division to regularly visit all children under its care and that criteria for determining the frequency and nature of in-person visits by a Division representative are established by regulation.  Recognizing that periodic in-person visits to an intact family by a Division representative are inherently disruptive to the family in general and the children in particular, the Court explains that N.J.A.C. 3A:12-2.6 should be amended to provide an exception to regular weekly or monthly visitation where the Division contends, and the family court finds, that the provision of services by the Division is not required.  (pp. 17-19)

**REVERSED and REMANDED to the Family Part.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in JUSTICE SOLOMON's opinion.**

2

SUPREME COURT OF NEW JERSEY
A-8 September Term 2023
088071

New Jersey Division of Child
Protection and Permanency,

Plaintiff-Respondent,

v.

J.C.,

Defendant-Appellant,

and

K.C.,

Defendant.

In the Matter of A.C. and
W.C., Minors-Respondents.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| February 26, 2024 | May 29, 2024 |

T. Gary Mitchell, Deputy Public Defender, argued the cause for appellant J.C. (Jennifer Sellitti, Public Defender, Office of Parental Representation, attorney; T. Gary Mitchell, of counsel and on the briefs).

Elizabeth H. Wallace, Deputy Attorney General, argued the cause for respondent New Jersey Division of Child Protection and Permanency (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel, and Lori J. DeCarlo and Jessica A. Prentice, Deputy Attorneys General, on the briefs).

M. Alexis Pollock, Deputy Public Defender, argued the cause for minors A.C. and W.C. (Jennifer Sellitti, Public Defender, Office of the Law Guardian, attorney; M. Alexis Pollock, of counsel and on the briefs, and Neha Gogate, Assistant Deputy Public Defender, on the briefs).

Molly K.C. Linhorst argued the cause for amicus curiae American Civil Liberties Union of New Jersey (American Civil Liberties Union of New Jersey Foundation, attorneys; Molly K.C. Linhorst, Alexander Shalom, and Jeanne LoCicero, on the brief).

JUSTICE SOLOMON delivered the opinion of the Court.

In this appeal, we are called upon to determine whether a family court judge may dismiss an action for the care and supervision of children brought pursuant to N.J.S.A. 30:4C-12 but continue restraints on a parent's conduct.

The goal of New Jersey's child welfare system is to better "protect children from abuse and neglect" by, among other things, providing "services to at-risk children and families in order to prevent harm to their children." N.J.S.A. 30:4C-1.1(a). To accomplish that goal, N.J.S.A. 30:4C-12 authorizes the Division of Child Protection and Permanency (the Division) to seek a

2

temporary court order granting it care and supervision of a child, and the provision of services to parents. DCPP v. I.S., 214 N.J. 8, 37 (2013).

A summary hearing is required within six months to review the order granting the Division care and supervision, which may be extended by the court if it is in the child's best interests. N.J.S.A. 30:4C-12. At these State-initiated proceedings, parents are entitled to the assistance of counsel as a matter of due process. DYFS v. B.R., 192 N.J. 301, 305 (2007).

We hold that the family court does not have the authority under N.J.S.A. 30:4C-12 to dismiss a Title 30 action -- and with it, a parent's appointed counsel -- but continue restraints on a parent's conduct. If the family court finds that it is in the best interests of the child to continue the restraints on a parent's conduct, it must keep the case open to facilitate judicial oversight of the Division's continued involvement, while safeguarding a parent's right to counsel.

We therefore reverse the Appellate Division's judgment and remand to the family court to reinstate the Title 30 action or dismiss the case without restraints.

I.

A.

The following facts are undisputed.

3

J.C. (Jan) and K.C. (Kyle) are the biological parents of two young children, A.C. (Andy) and W.C. (Wes).[1]  The Division became involved with Jan and her family on July 16, 2018, when a hospital employee notified the Division that Jan had been involuntarily hospitalized for manic and paranoid behavior.  Following its investigation, the Division implemented a safety protection plan that mandated temporary supervision of Jan's contact with her children by either Kyle or Jan's parents.

Later, the Division lifted the plan and was not involved with Jan or her family again until it received a referral from Andy's school in March 2019, informing the Division that Andy made a comment that Jan kept bombs in the family home.  Finding the comment unsubstantiated, the Division recommended behavioral services for Andy and closed the case.  The Division received another referral concerning Andy's behavior in July 2019 but did not find their involvement was necessary.

On August 14, 2019, the Division received a referral from Andy's in-home behavioralist, reporting that Jan had sent him thirty-seven text messages indicating her belief that she was being surveilled.  Kyle informed the Division caseworker investigating the referral that Jan's paranoia was worsening, and

---

[1]  We use initials and fictitious names to protect the privacy interests of the parties and the confidentiality of the record.  See R. 1:38-3(d)(12).

4

Andy disclosed that he did not feel safe with Jan. The caseworker reported that Jan became verbally aggressive during their conversation, prompting the caseworker to call the police. Shortly thereafter, Jan was diagnosed with "unspecified schizophrenia spectrum and other psychotic disorders." Jan agreed to therapy, and Kyle represented that he and Jan's parents would supervise Jan's contact with the children. The Division again closed the case.

The Division received a further referral in December 2019 from an acquaintance of Jan who reported that Jan claimed the neighbors and police were tapping her phone and that she could not leave the house. After Jan admitted to the caseworker that she had stopped seeing her therapist, the Division reinstituted the safety plan. Jan ultimately consented to psychiatric and psychological evaluations. Both evaluators diagnosed Jan with bipolar disorder with psychotic features and recommended therapy, psychiatric services, and anti-psychotic medication.

On January 23, 2020, the Division filed a complaint pursuant to Title 9, alleging abuse and neglect, and Title 30, for care and supervision of the children. The Family Part granted the Division care and supervision of the children "to avoid an ongoing risk to the life, safety, or health of the children because of the mental health concerns for [Jan]," noting that "Andy particularly has been very affected by being subject to his mother's outbursts

5

and dysregulation." It further ordered that Jan not be with the children unsupervised and prohibited her from transporting the children in a vehicle. Thereafter, the Division offered services to assist Jan, referring her for counseling and therapy, and offered counseling services to Kyle and Andy.

On March 24, 2020, the Division withdrew its abuse and neglect complaint under Title 9 but proceeded with its Title 30 action for care and supervision. On June 1, 2020, the family court held a summary hearing pursuant to N.J.S.A. 30:4C-12 and concluded that the Division's care and supervision of the children should continue. The court subsequently held several compliance review hearings pursuant to N.J.S.A. 30:4C-12, during which the Division advised the court that Jan participated in therapy and counseling but that, according to Jan's doctors, she resisted taking prescribed medication and her mental health had not improved.

At a hearing on March 25, 2021, the Law Guardian, appointed to represent Andy and Wes, sought to dismiss the Title 30 action because of Jan's lack of cooperation with the Division. The Division, in response, asked the court to consider dismissing the case with restraints. The Division formally requested dismissal of the Title 30 matter at the next compliance hearing on June 3, 2021.

At Jan's request, prior to rendering its decision, the family court conducted a two-day dispositional hearing and heard testimony from Jan's treating psychologist, Dr. Franklin MacArthur, and a Division caseworker, Lavar Parker. Dr. MacArthur testified that, because of Jan's refusal to take prescribed medication, there had not been substantial progress in Jan's mental health after over a year of treatment. In his view, Jan's behavior negatively impacted the children and continued supervision would be appropriate. Parker similarly testified that Jan persistently refused to take her medication and continued to exhibit delusional behavior, including screaming outside of her family home, using profanity, and yelling at her neighbors.

On August 12, 2021, the family court found by a preponderance of the evidence that Jan's "mental health issues . . . which remain unabated cause a risk to the safety and well-being of the children and that she's not sufficiently stable to resume unsupervised contact." The court found, however, that because Jan refused to take medication, the children were not benefiting from the Division's involvement and the court was satisfied that there were no additional services the Division could provide to assist her. Thus, the court discontinued the Division's care and supervision of the children but dismissed

the litigation with restraints, deeming it "irresponsible" to allow Jan to have unsupervised contact with the children, considering her mental health issues.

The court's order provided that

> [Jan] is restrained from any unsupervised contact with the minor children. All contact to be supervised by [Kyle] or the maternal grandparents.
>
> [Jan] is prohibited from transporting the children in a vehicle.
>
> Should [Jan] seek to lift the restraint, on notice to the Division, [Jan] must address any mental health concerns, comply with all treatment recommendations including [Cognitive Behavioral Therapy] and psychiatric treatment with a Board Certified adult psychiatrist and demonstrate a level of sustained stability.

Jan appealed that order.

## C.

The Appellate Division affirmed the family court's order. The court rejected Jan's argument that the family court could not dismiss a Title 30 action with ongoing restraints, explaining that "[a]lthough care and supervision under Title 30 is generally a temporary relief, nothing in Title 30 expressly precludes ongoing protections when the case is closed." (citation omitted).

The appellate court further reasoned that the "family court did not enter permanent restraints," but instead "continued the restraints that existed during the litigation," which Jan can "apply to lift . . . if she can show that she is

8

stable and complying with treatment." The appellate court concluded that there is "nothing inconsistent with Title 30 in allowing those continued restraints." The court accordingly was satisfied that the remedy was within the family court's authority under Title 30 and consistent with the best interests of the children. [2]

D.

We granted Jan's petition for certification, limited to whether the Chancery Division, Family Part "has authority, under N.J.S.A. 30:4C-12, to dismiss [the Title 30 complaint] when there are continuing restraints in place." 255 N.J. 375, 375-76 (2023). We also granted the application of the American Civil Liberties Union (ACLU) to appear as amicus curiae.

II.

A.

Jan urges the Court to reverse the Appellate Division's judgment and remand the matter to the Family Part to either dismiss the restraints or reinstate the Title 30 action. Jan contends that any relief ordered by the court under

---

[2] The Appellate Division also rejected Jan's contention that there was insufficient evidence to support leaving the restrictions in place and determined that the family court properly admitted into evidence a summary report of a counsellor from Family First. Those issues are not part of this appeal.

9

N.J.S.A. 30:4C-12 does not survive dismissal of the case because there could be no statutorily mandated judicial oversight and periodic status hearings. Therefore, once the family court dismissed the Title 30 complaint against Jan, she claims the family court no longer had the authority to impose continuing restraints pursuant to N.J.S.A. 30:4C-12.

Jan further argues that the order was flawed because it did not provide for her continued mental health services and did not require the Division to return periodically to court to maintain the restraints. Jan asserts that the court's order dismissing the Title 30 matter ended Jan's right to the assistance of state-appointed counsel and required that any effort to contest the restraints would need to be initiated by Jan pro se or with the aid of private counsel.

Amicus curiae ACLU agrees that closing the Title 30 matter denies Jan her right to state-appointed representation in any future proceeding to contest the restraints. It urges that, if the Appellate Division's decision is affirmed, due process requires that counsel be appointed to represent Jan in any future proceeding to terminate or modify restraints, at no cost to her.

B.

The Division argues that relief ordered under Title 30 varies case by case and the Appellate Division appropriately found that there is "nothing in Title 30 [that] expressly precludes ongoing protections when the case is closed."

The Division further contends that periodic status hearings are only required when the Division seeks to maintain judicial oversight of a parent to ensure a child's safety. Because the Division requested dismissal of the case following its determination that its continued involvement was no longer necessary, it submits that continuing restraints did not trigger the need for periodic review hearings.

The Law Guardian supports the Division's position and argues that the family court has discretion to dismiss a case yet continue restraints to protect "the children's health and safety."

### III.

### A.

We review de novo the construction of N.J.S.A. 30:4C-12 and "owe no deference 'to the Appellate Division's or trial court's interpretive conclusions' about the meaning of [the] statute." DCPP v. J.R.-R., 248 N.J. 353, 368 (2021) (quoting DCPP v. Y.N., 220 N.J. 165, 177 (2014)).

In our examination of N.J.S.A. 30:4C-12, the Court's goal is to discern and effectuate the Legislature's intent. DYFS v. A.L., 213 N.J. 1, 20 (2013). We start with the statutory language, "ascribing to the statute's words 'their ordinary meaning and significance.'" DCPP v. D.C.A., 256 N.J. 4, 19 (2023) (quoting W.S. v. Hildreth, 252 N.J. 506, 518-19 (2023)). "When the plain

11

language of a statute is clear and unambiguous, we apply the law as written." Hildreth, 252 N.J. at 518.

B.

We have described New Jersey's child welfare laws as balancing "a parent's constitutionally protected right 'to raise a child and maintain a relationship with that child, without undue influence by the [S]tate,' and 'the State's parens patriae responsibility to protect the welfare of children.'" D.C.A., 256 N.J. at 20 (quoting J.R.-R., 248 N.J. at 368). That balance is struck by two parallel but distinct statutory schemes: Title 9 and Title 30. A.L., 213 N.J. at 18.

Title 9 authorizes Division involvement where there is child abuse or neglect, providing "interim relief for children at risk and outlin[ing] the standards for abuse and neglect proceedings against parents and guardians." Ibid. "The focus of proceedings initiated under Title 9 is assurance that 'the lives of innocent children are immediately safeguarded from further injury.'" DYFS v. I.S., 422 N.J. Super. 52, 67-68 (App. Div. 2011) (quoting N.J.S.A. 9:6-8.8(a)), rev'd on other grounds, 214 N.J. 8 (2013).

In a Title 30 proceeding, in contrast, the focus is on "'whether or not it is in the child's best interest to preserve the family unit,' with the child's health and safety being the paramount concern of our Legislature." Id. at 68 (quoting

12

N.J.S.A. 30:4C-1(a)).  To that end, N.J.S.A. 30:4C-12 enables "the Division to effectuate services to children in need when a parent does not consent to the Division's supervision, care, or custody."  I.S., 214 N.J. at 33.

The Division may implement various forms of relief to assist families, from "minimally intrusive" measures, "such as when the Division provides counseling and referral services to families, to "guardianship and termination of parental rights."  I.S., 422 N.J. Super. at 68.  Relevant here, "the Division can seek a court order to intervene and require a [parent] to undergo treatment, or seek other relief."  I.S., 214 N.J. at 33 (alteration in original) (quoting A.L., 213 N.J. at 9).  "[I]n deciding what services a parent should be ordered to accept in a child's best interests, the court should focus on the need to ensure the health and safety of children."  DYFS v. T.S., 426 N.J. Super. 54, 65-66 (App. Div. 2012).

In I.S., we outlined the multi-step process set forth in N.J.S.A. 30:4C-12 which the Division must follow to properly exercise its authority under Title 30.  214 N.J. at 34.  The first step is a referral to the Division by any person with an interest in the child "whenever it shall appear" that a parent or guardian "fail[s] to ensure the health and safety of the child, or is endangering the welfare of [the] child."  N.J.S.A. 30:4C-12.  The Division's receipt of a referral prompts a mandatory investigation.  Ibid.  If, as a result of the

13

investigation, "it appears that the child requires care and supervision by the [D]ivision or other action to ensure the health and safety of the child, the [D]ivision may apply to the Family Part" for an order "placing the child under the care and supervision or custody of the [D]ivision." Ibid.

Following the Division's application to the Family Part,

> [t]he court, at a summary hearing held upon notice to the [D]ivision, and to the parent, parents, guardian, or person having custody and control of the child, if satisfied that the best interests of the child so require, may issue an order as requested, which order shall have the same force and effect as the acceptance of a child for care by the [D]ivision as provided in [N.J.S.A. 30:4C-11]; provided, however, that such order shall not be effective beyond a period of six months from the date of entry unless the court, upon application by the [D]ivision, at a summary hearing held upon notice to the parent, parents, guardian, or person having custody of the child, extends the time of the order.
>
> [Ibid. (emphases added).]

Thus, the court must hold a summary hearing and may issue an order for care and supervision if it is "satisfied that the best interests of the child so require." Ibid. The Division has the burden to prove "by a preponderance of the evidence that it is in the best interests of the child to enter the relief requested." I.S., 214 N.J. at 38.

Importantly, N.J.S.A. 30:4C-12 provides that any order entered by the court is effective for six months. If the Division believes services will be

14

needed beyond that point, "the Division may apply for an extension of that order, requesting a summary hearing and disposition on its request." Id. at 37 (citing N.J.S.A. 30:4C-12). Thereafter, "'upon notice to the parent,' the court -- in its discretion -- may extend the order provided that it is satisfied, by the preponderance of the credible evidence, that the best interests of the child require continuation of that order." Id. at 37-38 (quoting N.J.S.A. 30:4C-12). Care and supervision may be continued thereafter, provided there is periodic review by the family court. See ibid.

Those statutorily required periodic hearings are "to ensure appropriate court oversight of the Division's plans for the child." Id. at 38. The purpose of periodic review "is not to check-up on and review a parent's compliance or to manage the case," but rather "to require the Division to demonstrate that continued care and supervision is still in the best interests because there is a need to ensure the child's health and safety." T.S., 426 N.J. Super. at 66-67. The objective is to determine, after the passage of time, whether the reasons for granting care and supervision to the Division still exist. Thus, in addition to authorizing action by the Division, the Legislature placed checks on the Division in N.J.S.A. 30:4C-12. Those cannot be ignored by the courts.

As for abuse and neglect charges under Title 9, indigent parents facing either temporary loss of custody or permanent termination of their parental

15

rights have a right to appointed counsel in Title 30 proceedings "in light of the magnitude of the consequences involved." Crist v. DYFS, 135 N.J. Super. 573, 575 (App. Div. 1975), aff'g in part and rev'g in part, 128 N.J. Super. 402 (Law Div. 1974).[3]  It is "the due process guarantee of Article I, paragraph 1 of the New Jersey Constitution [that] serves as a bulwark against the loss of parental rights without counsel being afforded."[4]  B.R., 192 N.J. at 305 (citing Pasqua v. Council, 186 N.J. 127, 147 n.5 (2006)).  Thus, an unrepresented parent facing a State-initiated temporary loss of custody or termination proceeding would constitute a "fundamental deprivation of procedural due process."  In re Adoption of J.E.V., 226 N.J. 90, 105 (2016) (quoting Crist, 128 N.J. Super. at 415).  The Legislature accordingly passed N.J.S.A. 30:4C-15.4(c), which authorizes the court to appoint the Office of the Public Defender to represent an indigent parent in any action concerning the temporary loss of custody or termination of parental rights.

---

[3]  A child's right to the assistance of counsel in child protection and dependency matters is also statutorily and constitutionally recognized. See DYFS v. Wandell, 155 N.J. Super. 302, 306 (J. & D.R. Ct. 1978).

[4]  Article I, Paragraph 1 of the State Constitution provides that "[a]ll persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness."

C.

Here, the family court's order terminated the Title 30 matter but maintained restraints upon Jan. The order would result in the Division's continued involvement with the family without the requisite judicial oversight. Such an action is inconsistent with the express provisions of N.J.S.A. 30:4C-12. A case should be dismissed only when the court determines that neither services nor supervision are required to ensure the child's health and safety. See T.S., 426 N.J. Super. at 66 ("Absent a showing that services or supervision or both appear to be in the best interests of child . . . , a case should be dismissed."). Thus, if the court finds that the Division established by a preponderance of the evidence that restraints on a parent's contact with her children is in their best interests, the case should not be dismissed.

Functionally, when a Title 30 action is terminated, as was the case here, so too is the right to the appointment of counsel. See DCPP v. S.D., 453 N.J. Super. 511, 525 (App. Div. 2018). Therefore, if a case is dismissed with continuing restraints, a parent with appointed counsel, like Jan, who seeks review in the future would not be entitled to the assistance of counsel to begin that process, unless the parent has the means to hire private counsel to do so. Indeed, the Family Part's order in this case requires Jan to initiate review of the restraints, but the Office of the Public Defender confirmed that they no

17

longer represented Jan following dismissal of the action. We find this result incompatible with due process and a parent's right to counsel in Title 30 proceedings.[5]

Lastly, we are mindful that Title 30 requires the Division to regularly visit all children under its care "to assure the maximum benefit from such services." N.J.S.A. 30:4C-25. The criteria for determining the frequency and nature of in-person visits by a Division representative are established by regulation. See N.J.A.C. 3A:12-2.1 to -2.11. N.J.A.C. 3A:12-2.6(c) mandates that a Division representative create a schedule for in-person visitation to range between weekly and monthly, except as provided in N.J.A.C. 3A:12-2.6(d) and (f), which allow a Division representative to schedule in-person visitation once every three months when a child resides out-of-state.

We recognize here that periodic in-person visits to an intact family by a Division representative are inherently disruptive to the family in general and the children in particular. They are an interruption of the family routine initiated by a third party who may conduct interviews of family members and examine the family surroundings. Therefore, when a case plan establishing the

---

[5] Keeping the case open will additionally ensure that the Law Guardian will receive notice of all proceedings and continue to represent the children's interests.

18

schedule for in-person visitation does not express a need for services, regular visitation pursuant to N.J.S.A. 30:4C-25 may not be required. See N.J.A.C. 3A:12-2.6(a). In those circumstances, a visitation schedule of once every three to six months may be approved by the family court, in its discretion. See N.J.A.C. 3A:12-2.6(f), (g). To harmonize those concerns, N.J.A.C. 3A:12-2.6 should be amended to provide an exception to regular weekly or monthly visitation where the Division contends, and the family court finds, that the provision of services by the Division is not required.

In sum, because of a parent's due process right to counsel in Title 30 proceedings, and the express provisions of N.J.S.A. 30:4C-12, we require the Chancery Court, Family Part to keep a case open if it determines that the provision of care, supervision, or services to a parent, parents, or child is in the best interests of the child, or that continuing restraints on a parent's conduct are necessary to ensure a child's health and safety.

IV.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Family Part to reinstate the Title 30 action or dismiss the case without restraints.

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in JUSTICE SOLOMON's opinion.